SCHOOL DISTRICT NO. 12 OF HASKELL COUNTY V.
PAUL H. HILL.

No. 15,070.    (90 Pac. 768.)

PUBLIC SCHOOLS — *Remoteness from Schoolhouse — Expense of Sending Children to a Foreign District.* One who lived eight miles from the schoolhouse in his district brought an action to recover the additional expense of sending children to another school. A judgment for the plaintiff was affirmed.

Error from Haskell district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed June 8, 1907. Affirmed.

*Miller & Foster,* for plaintiff in error.
*Sutton & Scates,* for defendant in error.

*Per Curiam:* Paul H. Hill, whose residence is eight miles from the schoolhouse of school district No. 12, in which he resides, in Haskell county, brought this action in the district court of that county to recover the additional expense of sending two children to another school, and recovered judgment for the amount claimed. The action was brought under two orders of the annual school meeting, as authorized by section 6133 of the General Statutes of 1901. In 1902 Mr. Hill, having a child named Louise Newfelt, whom he was supporting and desiring to educate and who was living with him as a member of his family, applied to the annual school meeting of the district for an allowance. The following is the record of the action taken, a copy of which is set forth in the petition:

"Mr. Hill asked to be given something to pay part of child's board, he living too far from schoolhouse for child to come alone. It was agreed to give him the limits and the board to decide afterward."

It does not appear that there was any "school of some other convenient district" (Gen. Stat. 1901, § 6133), and no order appears to have been made where the

School District v. Hill.

child should be sent to school, but this seems to have been left to Mr. Hill to determine. The meaning of "the limits" was explained by a witness who was present at the meeting and who said the electors present raised the question as to what amount could be allowed under the law, and as they were unable to ascertain they decided to allow all the law would permit and leave it to the school board to determine what that amount would be. It is agreed that during the school year following this child attended school 137 days. The evidence shows that Mr. Hill sent the child to school at Liberal, fifty miles distant from his home, and that the extra expense was more than the amount claimed.

The following year, 1903, Mr. Hill's daughter, with her little girl, also lived with him at his home, and he applied to the school meeting of that year on behalf of himself and daughter for an allowance on the education of the two children, Louise Newfelt and Bessie Sharpe, and it appears that an allowance was made. The clerk's record of the proceeding, copied in the petition, is very brief and rather indefinite, as follows: "Motion made that the district board is instructed to educate Louise Newfelt and Bessie Sharpe as provided by law."

There was evidence that both children were sent to Liberal to school a part of the school year following, and it is agreed that they attended school—Louise Newfelt 90 days and Bessie Sharpe $76\frac{3}{4}$ days. The evidence also shows that the extra expense was as great or greater than the amount claimed and allowed by the court.

Mr. Hill took an assignment of the claim of his daughter and demanded payment of ten dollars per month for the time he had sent Louise Newfelt to school during the two years and at the same rate for the time Bessie Sharpe was sent to school for the latter year.

The plaintiff in error is not entitled to be heard on some of the objections raised, by reason of a disregard of rule 10 of this court.

The allowances to Hill and his daughter were within the purpose and spirit of the law, and the amount for which he recovered judgment was evidently intended to be allowed to him and his daughter by the electors of the school district, although the clerk's minutes of the proceedings were not full and specific.

We have examined the proceedings of the court and find no substantial error, and as justice has been done the judgment is affirmed.