No. 21,745.

P. H. HARKNESS, *Appellant,* v. THE SCHOOL BOARD OF DISTRICT No. 3 IN NESS COUNTY (C. D. FOSTER et al.), *Appellee.*

SYLLABUS BY THE COURT.

SCHOOL DISTRICTS—*Transportation of Children to and from School—Option of School Board.* The statute to the effect that a school board shall provide transportation for pupils living three miles or more from the school, or in lieu thereof shall allow as compensation therefor a sum not less than fifteen cents per day, gives to the board the option of adopting either method to aid pupils living at that distance, and (at least in the absence of any special circumstances showing an unjust result) it may provide a conveyance for a part of them while making a money allowance to the rest.

Appeal from Ness district court; ALBERT S. FOULKS, judge. Opinion filed October 12, 1918. Affirmed.

*Lorin T. Peters,* and *Roy. H. Baer,* both of Ness City, for the appellant.

*Andrew W. Wilson,* of Ness City, for the appellee.

The opinion of the court was delivered by

MASON, J.:   P. H. Harkness, who lives more than three miles from the schoolhouse in his district, brought mandamus in the district court against the members of the school board, seeking to require them to provide transportation for his nine-year-old daughter to and from school.  A motion to quash the alternative writ for failure to state sufficient grounds was sustained, and the plaintiff appeals.

The statute relied upon, so far as here important, reads:

"The district board of any school district may provide for the comfortable transportation, in a safe and enclosed conveyance or conveyances, properly heated, of pupils of said school districts who live two or more miles, by the usually traveled road, from the school attended; and said district board shall provide such transportation for pupils who live three or more miles, by the usually traveled road, from the school attended; or, in lieu thereof, said board shall allow, as compensation for the conveyance of pupils to and from the school to the parent or guardian of any pupils living three or more miles from the school attended, a sum not less than fifteen cents per day; provided further, that where the pupils of two or more families are conveyed by the same conveyance the parents or guardian of each family shall be entitled to such compensation as provided for by this act; and shall allow to the parent or guardian of any pupils living five or more miles from the school attended the sum of twenty-five cents per day, for as many days in each year as the school shall be in session; provided, that no such compensation shall be allowed unless the pupils are actually conveyed to and from school.  The district board shall have authority to make such rules and regulations as may be necessary for carrying out the provisions of this act."  (Laws 1917, ch. 277, § 1.)

The plaintiff contends that this statute makes it obligatory upon the board to provide transportation for his daughter.  In support of this contention he argues that inasmuch as in a prior statute (Gen. Stat. 1915, § 8936) relating to the transportation of pupils living two and a half miles or more from the school the word "may" is used, the use of the word "shall" in a similar clause of the new act (which repeals the earlier one) indicates

a purpose to take from the board all discretion in the matter. We think, however, that the language of the present law clearly indicates that, while the school board is required to make some special provision for pupils living more than three miles away, it has the option to do so by furnishing transportation itself, or by making a money allowance for the benefit of such pupils. If it is true, as is suggested, that this interpretation does not preserve the preference given by an earlier statute (Gen. Stat. 1915, § 8935) to pupils living three miles away, 'over those living between two and three miles from the school, the answer must be that the new act repeals that statute also, and undertakes to provide a comprehensive plan for handling the entire matter.

The plaintiff also urges that the board is guilty of discriminating against his daughter, because it is furnishing transportation for all the other pupils in the district who live more than three miles from the school, and *Fogg v. Board of Education,* 76 N. H. 296, is cited in support of this view. That case recognizes the obligation on the part of the school authorities, by the express terms of the statute, to "give to all the scholars of the district as nearly equal advantages as may be practicable," and holds that in the circumstances there presented it was incumbent upon them to provide a conveyance for a pupil who would otherwise have been prevented from attending school. The decision is not in point here, because no question of giving aid of a different character was involved. It must be presumed, in the absence of allegations to the contrary, that the school board was ready to make a fair money allowance as authorized by the statute. The fact that some of the pupils were taken to and from the school in a conveyance furnished by the board does not necessarily show that an injustice was done in refusing the same privilege to the plaintiff's daughter. The conditions may have been such that the district could readily provide for the transportation of the other children in a body, while to have included the plaintiff's daughter would have involved a disproportionate inconvenience. In such a situation we think the board was authorized in its discretion to use different methods of aiding children to reach the school. No facts are alleged showing an unfair discrimination.

The judgment is affirmed.