No. 26,542.

U. G. PARK, *Appellant*, v. C. W. McKINNEY, Director, et al., of UNION SCHOOL DISTRICT No. 1, *Appellees.*

### SYLLABUS BY THE COURT.

SCHOOLS—*Consolidated Districts—Special Regulations for Transporting Pupils.*
The district board of a consolidated or union school district is authorized by R. S. 72-603 to adopt special regulations for transporting pupils to school, subject to approval by the county superintendent, and its action is conclusive, in the absence of bad faith or conduct so manifestly oppressive, discriminatory or unjust as to amount to bad faith.

Appeal from Clark district court; JAY T. BOTTS, judge *pro tem.* Opinion filed May 8, 1926. Affirmed.

*T. A. Noftzger, George W. Cox, W. J. Masemore* and *R. L. NeSmith,* all of Wichita, for the appellant. *U. G. Park, pro se.*

*F. C. Price* and *F. N. Cossman,* both of Ashland, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by the custodian of three children to compel officers of Union School District No. 1 of Clark county to transport the children to school. The writ of mandamus was denied, and plaintiff appeals.

The statute provides for transporting to school pupils living more than two miles from the schoolhouse, and provides further as follows:

"In cases where it is impracticable to reach certain places by a laid-out route of travel, said school district board may fix a compensation for the carrying of pupils living in such out-of-the-way places, to reach the regularly laid-out route, and such compensation shall be paid to the parents of such pupils whenever such special regulations shall be approved by the county school superintendent." (R. S. 72-603.)

The school bus traveled a laid-out route. The board determined it was not practicable to operate the bus to plaintiff's farm, and determined that the nearest point to which it was practicable to operate the bus was the Small farm, three miles distant from plain-

---

Schools and School Districts, 35 Cyc. pp. 970 n. 71, 1123 n. 16; 38 L. R. A. n. s. 710.

tiff's farm. The board offered plaintiff forty cents per day per
pupil as compensation for carrying them to and from the Small
farm, and the special regulation was approved by the county su-
perintendent.

The board had authority to make the regulation. Whether it was
practicable to reach plaintiff's farm was a question for the board
to determine. The board's determination of that question was not
reviewable by the district court, and is not reviewable by this court,
for the purpose of testing the soundness of the board's conclusions
from the facts. The board, with the approval of the county super-
intendent, is the body which must solve transportation problems,
not the courts, and the only subject of judicial inquiry is whether
the board acted in bad faith, or in a manner so manifestly oppres-
sive, discriminatory or unjust as to be equivalent to bad faith. In
'this instance, bad faith was not even alleged. The district court
understood the law, approved the board's action after full investi-
gation of the facts, and the appeal to this court is without merit.

The judgment of the district court is affirmed.