No. 12,631.

STOOPS *v.* HALE ET AL.
(14 P. [2d] 491)

Decided September 12, 1932.

Messrs. Pelton & Chutkow, Mr. L. F. Crawford, for plaintiff in error.

Mr. Frank D. Allen, for defendants in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court:

Plaintiff in error is hereinafter referred to as plaintiff and defendants in error as defendants or the directors.

Plaintiff, a taxpaying elector of school district No. 31, a third class district of Washington county, sought to enjoin defendants, directors of said district, from making payments, ostensibly for the transportation of school pupils, and to force repayment by them to the district of money already so expended.

It is undisputed that, under the statutes applicable, the district could have authorized defendants to hire some one person, not otherwise interested, to transport these pupils to and from school. What it purported to do was to authorize payments direct to the parents, in lieu of such transportation, or as compensation to them therefor and based upon the distance of their residence from the district school.

Most important of the facts and conditions forming the background of this litigation are the following: District No. 31 is sparsely settled, contains approximately 48 square miles, lies 28 miles from the county seat and has two schoolhouses and only eleven pupils. One of

these schoolhouses is not used. Some of the roads of the district are practically impassable during bad weather. The problem presented was how best to supply educational facilities for these pupils. Three solutions presented themselves: (a) Furnish a bus and driver at an additional annual outlay of approximately $2,700; (b) move the unused schoolhouse to another side of the district and open a second school therein at an additional outlay of approximately $2,300; (c) pay the parents to transport their own children to and from school at an additional outlay of approximately $900. The electors and directors selected the last.

Some of these parents transported their children to the school in said district by one method, some by another. Now the father conveyed them, now the mother, and now the children conveyed themselves. They rode horseback, in automobiles and in horsedrawn vehicles. In some cases they were so transported to schools outside said district, or taken to board in the vicinity of such schools and brought home each week-end. In one instance parents so paid took their children to a private school.

Plaintiff says all this was unlawful and the directors are individually liable for money so expended. Defendants say their action was within the statutes, but if not they are not liable, because they acted officially and in good faith.

██ Section 8338, p. 2141, C. L. 1921 (c. 180, p. 600, S. L. 1919), authorized this district "by a majority vote of the qualified electors voting at an election called for that purpose," to "transport children to and from school." If such transportation became "unfeasible" the board was authorized to use transportation funds to "pay the board of the school children." It further provided that "the party employed to transport the children * * * shall give a bond for the faithful performance of his duties, the amount of said bond to be fixed by the county superintendent of schools." Acting thereunder,

the electors of the district, June 16, 1928, resolved "that all parents who shall send their children more than three miles to school receive $20 per month." Under that authority the board made certain of the payments here in question. Said act was repealed by chapter 166, p. 592, S. L. 1929, which directed these defendants to "transport pupils to and from school," when "authorized by a majority vote of the qualified electors voting at a general or special election." This act further provided that, "In the event that transportation of any pupils to and from school shall become impracticable, the board of directors may in its discretion equitably apply the money that would otherwise be used in paying for their transportation, to the payment of the board of such pupils at a point near the school"; and further, that, "Any person employed to transport children under the provisions of this act *may* be required by the board of education to give bond for the faithful performance of these duties." Acting thereunder, the electors of said district, at their general election May 6, 1929, resolved "that every parent who sends over a mile from this school to receive $5.00 a month, all who send over two miles receive $10.00 per month, all who send over three miles receive $15.00 per month." Plaintiff seeks to enjoin payments under that authority.

The evident purpose of these acts was to get pupils to school, and to that end liberally enlarge the powers of the electors and the board. Neither statute contains a prohibition against the employment of parents to transport their own children and we know of no good reason for reading such a prohibition into them. They contain no limitation on the number of persons to be employed. Certainly one person, not a patron of the school, might be employed to transport all the pupils. Why his employment should be precluded if he happened to be the father of one or more of the children we are not advised. However, the size of the district, the distances to be traveled and the location of the pupils' residence, might make

imperative the employment of two or more persons. In that event, for aught that appears in the statute, these two or more might or might not be parents of some of the pupils transported. If two such employes, why not four, and if four, why not each parent be paid to transport his own children and paid in proportion to the time required or the distance traveled? Certainly authority to "transport children to and from school" covers such employment.

But it is said this could not be in contemplation of said section 8338, because it requires that the person employed *shall* give bond. The position seems untenable because, first, all these parents might give bond; second, the language is "the *party* employed to transport *the children of any school district* shall give a bond," etc., not the party employed to transport some of them, or only to transport his own. The intent seems to be to vest in the electors the power to authorize and pay for any kind of transportation which, in the discretion of the directors, is for the benefit of pupils and district, but if general employment be resorted to, then to require the employee to give bond. This interpretation seems emphasized by the option contained in the act of 1929.

It appears, however, that some of these children attended other schools than that in district 31 and their parents drew transportation allowances as though they had attended therein. This is not prohibited by the acts in question and is apparently within their scope and the purpose which induced their passage. One illustration from this record is sufficient to explain the failure of the Legislature to limit payments for transportation to the school of the paying district, and ample justification for the court's refusal to impose such a limitation by construction. One of these families lived approximately five miles from the school in said district No. 31, but within three miles of that in an adjoining district. The road to the former was practically impassable during much of the school year, while that to the latter was ex-

cellent. How could it advantage a taxpayer of said district to force attendance therein of the children of this family or penalize them by withholding the authorized payment?

No authorities cited in the briefs or known to us are sufficiently enlightening to justify their use herein on either side of the contention before us. If, however, the foregoing reasoning, as we think it does, sufficiently supports the judgment all objections raised thereto are disposed of save the one that payments were made for the transportation of children to a private school; and since the act of 1919 is entitled "An Act Concerning School Districts," and that of 1929 "An Act Concerning the Transportation of Public School Pupils," it would appear that the payment for transportation of pupils to private schools was not contemplated by either. However, the particular payments complained of were made under the former, and as to it the greatest doubt exists. It does not appear from the record, however, that the directors intended these payments to this family to be used for transportation to a private school, or that the money was so used with their knowledge and consent, and since such use thereof, although disclosed by the evidence, is not charged in the complaint, we need give the subject no further consideration.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.