## STATE, Respondent, vs. WALTERS, Appellant.

*May 11—June 6, 1933.*

*G. Arthur Johnson* of Ashland, for the appellant.

For the respondent there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

FRITZ, J.   Lee Walters appeals from a judgment convicting him of violating sec. 40.70 (1), Stats., by failing to send two of his children, aged eight and eleven years, respectively, to a common school from September to November 12, 1931.   He contended that he was not guilty because sub. (b) of that statute provides that it does not apply "to

any child who lives in the country and more than two miles from the schoolhouse in his district, and for whom no transportation is furnished by the district. . . ."

The only question on this appeal is whether by reason of that provision the defendant has a lawful excuse for his failure to have his children attend school. Defendant's place of residence was located on a public road, about half a mile from a main highway, in a rural community. Prior to July, 1931, his children had attended a school which was located about one-half mile from his home, on that main highway. That school was discontinued prior to September, 1931, and the school district arranged to have the children of the district attend a grade and high school about seven miles distant, and also arranged for the transportation, by automobile, of the children of the district to that school. Under those arrangements, four of defendant's children were to board the automobile, provided by the district, at an inclosed shelter, which the district also provided, at the site of the school which they formerly attended, one-half mile from their home. Defendant's two older children used the transportation provided and attended the new school, but defendant kept the two younger children out of school.

In passing upon this appeal and sec. 40.70 (1), Stats., which provides for compulsory school attendance, excepting as to children living in the country more than two miles from the school, for whom no transportation has been provided by the district, it is necessary to also consider the provision in sec. 40.01, Stats., that "The distance between a pupil's home and school, or between two schools, shall be measured from building to building, along the usually traveled route;" and the provision in sec. 40.34 (1), Stats., that "The board shall provide transportation to and from school for all school children residing in the district and over two miles from the schoolhouse, in case of a common school. . . ."

Those provisions, in so far as they require a school board to provide transportation, are remedial and administrative in character, and they should receive a liberal and reasonable construction.

Within the limits of what is reasonable in compliance with these statutes, and not unreasonably discriminatory, it should be left to the board of the school district to determine the route and the time and places for gathering up the children who are to be transported. The board's duties are twofold, viz.: to furnish the children with reasonable facilities for transportation when they reside beyond the prescribed distance from the school; to subject the district to no more expense than is necessary and reasonable in complying with the statutes. *Lyle v. State ex rel. Smith,* 172 Ind. 502, 88 N. E. 850; *State ex rel. Stewart v. Miller,* 193 Ind. 492, 141 N. E. 60; *State ex rel. Brand v. Mostad,* 28 N. Dak. 244, 148 N. W. 831; *State ex rel. Solze v. Board of Education,* 102 Ohio St. 446, 132 N. E. 16; *Comm. v. Benton Tp. School Dist.* 277 Pa. St. 13, 120 Atl. 661; *Tillotson v. Leroy Tp. School Dist.* 8 Pa. Dist. & Co. Rep. 220; *Comm. v. Bingaman,* 14 Pa. Dist. & Co. Rep. 385.

Although sec. 40.01, Stats., prescribes that in determining whether the distance between a pupil's home and the school is such that a child is to be transported at the expense of the district, the distance is to be "measured from building to building," and under sec. 40.34 (1)', Stats., the provided transportation is to be "to and from school," neither of those provisions expressly prescribes that the transportation which is to be provided by the board shall be to and from "building to building," or to and from the home to the school. Those provisions, on their face, disclose that, in the case of pupils of common schools, it is not considered unreasonable to require them to attend without providing transportation for them if their place of residence is not over two miles from the school. It was evidently not considered un-

reasonable to have them walk or be privately transported for a distance which does not exceed two miles. The shelter which, in the case at bar, was provided by the district board, in connection with providing transportation for defendant's children, was located at the site of the school which they had been attending up to July, 1931, and, in respect to distance and the character of the road which they had to travel for one-half mile to reach that shelter, there was no difference between the conditions before and after July, 1931. Excepting that the children might be obliged at times to wait in that shelter, which was unheated, for the arrival of the automobile, instead of immediately entering a schoolhouse at the end of that half mile, they were subjected to no greater burden or discomfort than they formerly encountered in attending school at that site. Neither were they subjected to any greater burden or discomfort than others who had to travel half a mile to take advantage of the transportation provided by the district; and as to traveling the distance from that shelter to the new school, they were provided with transportation, which the district board was not required to provide for other pupils, who had to walk as far as two miles, if their place of residence did not exceed that distance from the new school. Under the circumstances, it cannot reasonably be held that no transportation, within the meaning of the statutes, was furnished by the district for the defendant's children. Consequently, sec. 40.70 (1), Stats., was not rendered inapplicable within the contemplation of sub. (b) of that section.

*By the Court.*—Judgment affirmed.