844

No. 31,161.

Henry M. Schumaker, *Appellant,* v. School District No. 141, in Washington County, *Appellee.*

(22 P. 2d 441.) ·

Opinion filed June 10, 1933.

*Edgar Bennett* and *A. C. Bokelman,* both of Washington, for the appellant.
*A. J. Freeborn* and *F. R. Lobaugh,* both of Washington, for the appellee.

The opinion of the court was delivered by

Harvey, J.:   This is an action to recover compensation for transporting pupils to school. The trial court sustained a demurrer to plaintiff's petition, and he has appealed.

Briefly, it is alleged in the petition that plaintiff is a resident of school district No. 141, in Washington county, and has two children of school age; that at the school meeting in 1929, because of the small number of pupils in the district, it was voted to discontinue school for one year, and the board of directors designated school district No. 62 as the school for the pupils of district No. 141 who were of school age to attend. Plaintiff lives two miles from the schoolhouse in school district No. 62, and sent his children to that

school in conformity with the regulation made in school district No. 141; that the defendant school district No. 141 failed to provide for transportation of plaintiff's children from their home to the school-house in school district No. 62, although plaintiff requested that it do so; that because of such failure plaintiff furnished transportation; that the district board of school district No. 141 notified plaintiff that he would receive fifteen cents per day per pupil for transporting his children from their home to school district No. 62; that the sum was grossly inadequate to compensate plaintiff for such transportation and much less than would otherwise have been paid for the transportation of such pupils had defendant employed some-one else for that purpose; that plaintiff refused to accept such inadequate sum as his compensation; that he transported such pupils to the school in district No. 62 for 151 days; that such transportation was reasonably worth the sum of $2.50 per round trip, or a total of $377.50; that he requested payment of this sum from defendant, but his request had been refused. Suit was brought for that amount. The pertinent portion of the statute (R. S. 72-701) reads:

"In any school district, if in the judgment of the district board, the county superintendent of public instruction concurring, the number of children in said district shall not be sufficient to warrant the maintenance of a school in said district, the district, at the annual meeting or at a special meeting duly called for this purpose, may make provision for sending the children of such district to the school or schools of some other district or districts and for the payment of the cost of tuition and the cost of transportation as herein provided. The district board shall provide for the transportation in a safe, comfortable and inclosed conveyance or conveyances, properly heated, of the pupils of said district who live two or more miles from the school to which they are sent; or in lieu of furnishing transportation, the district board may allow the parent or guardian of any pupil or pupils, as compensation for expenses, a sum not in excess of the amount which would otherwise be paid for the transportation of such pupils."

It will be observed that the statute fixes no minimum sum to be paid, and by indirection only fixes a maximum in that it shall not be more than it would cost the district to employ some one to transport the pupils. The sum which plaintiff alleges defendant notified him he would be paid—fifteen cents per day for each pupil —is the minimum provided in another section of the statute (R. S. 72-601) to be allowed to the parent or guardian of any pupil living three or more (and less than five) miles from the school attended. That statute refers to a situation differing from that presented here, and we refer to it by way of comparison only.

Plaintiff appears to predicate his action to recover the amount claimed upon the theory that he was entitled to receive as much as it would cost the district to hire someone else to transport his pupils. We do not regard that as the correct meaning of the statute. It was within the discretion of the board of directors of school district No. 141 whether they employed someone to transport plaintiff's pupils or to compensate him for doing it. In the absence of fraud or bad faith on the part of the members of the board of directors the amount allowed plaintiff for transporting his children to school was within their discretion. Appellant contends that he should be permitted to maintain the action even though there was an honest difference of judgment between him and the board of directors as to what would constitute reasonable compensation. We think that position is not tenable.

Appellant contends that he has in effect alleged unfairness and oppression by the board of directors by alleging that the sum offered to be paid—fifteen cents per day for each pupil—was grossly inadequate. In view of the fact that the legislature has fixed a minimum of fifteen cents per day under other circumstances where the transportation is to be from three to five miles, it cannot be said, as a matter of law, that an allowance of fifteen cents per day per pupil for transportation for two miles is so grossly inadequate as to be tantamount to fraud or bad faith. "The amount allowed was within the purpose and spirit of the law." (*School District v. Hill*, 77 Kan. 786, 788, 90 Pac. 768.) If appellant cared to rely on fraud or bad faith he should have pleaded it specifically. In the absence of allegations of fraud or bad faith the directors of the defendant district are presumed to have acted in good faith. (*Harkness v. School District*, 103 Kan. 573, 175 Pac. 386.) Courts do not interfere with the discretion of school boards when they act in good faith and within the authority conferred upon them by law. (*Park v. McKinney*, 121 Kan. 41, 245 Pac. 41.)

The judgment of the court below is affirmed.