STATE EX REL. MILLER and another, Appellants, v. JOINT SCHOOL DISTRICT No. 1 and others, Respondents.

*September 8—October 7, 1958.*

For the appellants there was a brief by *Bogue & Sanderson* of Portage, and *Lueck & Skupniewitz* of Beaver Dam, and oral argument by *A. W. Lueck.*

For the respondents there was a brief by *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner, Sr.*

BROWN, J.   The facts are not in dispute.  The children referred to are pupils of the district school and are eligible for transportation by the school bus.  The only question concerns the length of the transportation which must be given.

On July 8, 1957, the annual school district meeting adopted a resolution directing the school bus to pick up these children at their homes.

On August 13, 1957, sec. 40.53 (8), Stats., became effective.  Its material part is as follows:

"SCHOOL BUS ROUTES.   The location and extent of all public school bus routes for the transportation of pupils shall be determined by the school board of the district or the municipal board operating such routes but no public high-school bus route on which nonresident pupils are transported, shall be put into operation until a certificate of approval has been obtained from both the county school committee and the state superintendent and no state aids shall be granted any district or municipality which operates public high-school bus routes not so approved.  In case of disagreements on approval of bus routes the decision of the state superintendent shall control.  Public school bus routes shall be established in such manner that transportation will be provided all students residing two miles or more from the nearest public school they are eligible to attend in the case of pupils residing in the district and in the case of nonresident high-school students living two miles or more from the school and in the area served by the approved bus route of that school, except for those students for whom board and lodging is provided.  Upon receipt of a signed order from the state superintendent, the board shall discontinue any route specified by him."

In September, 1957, the School Board adopted a resolution in which it determined that the school bus would not enter the four long driveways to pick up and return children. The writ demanded by the petitioners would compel the School Board to rescind this action and see to it that the bus take and return the children to their homes. The appellants contend that the action of the district meeting must control the action of the School Board.

Sec. 40.53 (8), Stats., distinctly puts control of the bus routes within the discretion of the School Board, subject only to disapproval by the state superintendent. The statutes put no superior or equal power in the district meeting.

It is apparent that the School Board exercised a power given it by statute but petitioners contend that the power is here applied retroactively which the statute does not permit. We see no retroactivity here. The School Board's resolution affected only the future.

Appellants also contend that the School Board was arbitrary beyond the bounds of permissible discretion in reversing the previous policy of the district. The exercise of its statutory powers and duties by the board is not in itself arbitrary although in conflict with the action of the district meeting. The discretion to be exercised is that of the School Board, and it is not bound to follow the preference expressed by the district meeting. There is no indication that the children mentioned in the petition were treated in any way differently from other children similarly situated. The record does not support a conclusion that the board's powers were arbitrarily exercised.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., took no part.