[No. 43532.    En Banc.    June 12, 1975.]

THE STATE OF WASHINGTON, *on the Relation of Ronald Rosenberg et al, Appellant,* v. GRAND COULEE DAM SCHOOL DISTRICT No. 301 J, *Respondent.*

Robert A. Castrodale, for appellants.

Collins & Hansen, by James R. Brown and Clifton W. Collins, for respondent.

ROSELLINI, J.—In the Superior Court, the appellants sought a writ of mandate to compel the respondent to provide transportation to and from school for their 7-year-old child or, in the alternative, to pay them a monthly sum as an equivalent of such transportation. They allege that such sum would be, in their belief, not more than $450 per month or $22.50 per day of transportation.

Upon hearing the matter, the trial court found that the appellants reside within the boundaries of the respondent school district, that the district has undertaken to furnish transportation for students residing in rural areas of the district and is in fact furnishing bus transportation or, in lieu thereof, payments for all school children eligible for school bus transportation within the district, and that the existing school bus route serving a portion of Lincoln County terminates approximately 6 miles from the appellants' residence.

The court further found that the road leading from the terminus of the bus route to the appellants' residence is unsafe for school bus travel and at times of the year impassable, the only maintenance of the road consisting of semiannual blading. The court found that the school transportation commission, convened at the request of the respondent, had examined the road and recommended that a school bus route not be established upon it.

According to the findings, the appellants and their children comprise the only family which has school-age children served by the road. The respondent offered to pay

them $65 per month, an amount computed on the basis of the monthly cost per student for transportation on the most expensive bus run operated by the respondent. Upon these findings, the trial court concluded

[t]hat the Respondent has acted pursuant to applicable statutes, Washington Administrative Code sections and rules promulgated by the State of Washington Superintendent of Public Instruction, has exercised discretion and has acted properly in this particular case.

It ordered payment of $65 per month in lieu of actual transportation.

An appeal was taken to the Court of Appeals, Division Three, which certified the case to this court.

The appellants first contend that the court incorrectly construed the provisions of RCW 28A.24.055, providing that every board of directors shall provide and pay for transportation for children to and from school, when in its judgment the best interests of the district will be subserved thereby, but that the board is not compelled to transport children living within 2 miles of the school house; RCW 28A.24.100, providing that individual transportation or other arrangements may be authorized when they seem best in the judgment of the commission, providing for the transportation of handicapped children and providing that the commission may require pupils residing within 2 miles of an established route to travel to the route at their own expense; and RCW 28A.24.060, providing that all children attending public schools under the compulsory attendance laws shall be entitled to use the transportation facilities provided by the school district in which they reside.

It is the appellants' theory that these statutes require a school district, if it decides to provide transportation, to either send a bus to the door of each child or to pay the parents their actual cost of transporting the child, including compensation for their time, depreciation of the vehicle used and fuel costs.

The Superintendent of Public Instruction, in promulgating rules under these statutes, has interpreted them as follows:

> *WAC 392-20-010*: School Districts—General Authority to Provide Transportation (1) A school district is not required to provide transportation for any school children, but may do so.
>
> (2) If transportation is provided, it must be provided for all children of compulsory school age residing in the district and attending public school, and who reside in excess of two miles from the school house, or *make payments in lieu thereof, to the family*: . . .

(Italics ours.)

■ The appellants rely upon opinions of the Attorney General which support their view that the school district is obliged to reimburse them for their actual cost plus salary equivalent to that of a bus driver. These opinions were offered in evidence but were rejected. The appellants acknowledge that they are not binding upon the courts. Since the opinions do not refer to any supporting authority and appear to be based upon personal interpretations of the writers, and since they further appear to be out of harmony with the expressed legislative intent, we do not find them persuasive.

■ An examination of further provisions of RCW 28A.24 reveals that the legislature intended to repose in school officials, including the state superintendent, the school district transportation commissions and the school district boards, a wide discretion in determining what form of transportation, if any, should be made available, the routes to be traveled by buses and the amount of compensation to be paid to parents whose homes are not located on the bus route. RCW 28A.24.100 provides that individual transportation or other arrangements may be authorized when these seem best in the judgment of the commission, except as otherwise provided in that section. The commission may require pupils residing within 2 miles of an established route to travel to the route at their own expense.

RCW 28A.41.170 provides that the Superintendent of Public Instruction is authorized to promulgate rules and regulations for the proper administration of the chapter.

Pursuant to this authority, the state superintendent issued implementing rules which are printed in a pupil transportation manual. Under these rules state assistance amounting to 90 percent of the cost of transportation will be provided to school districts which comply with the regulations. If a district decides to transport children, it must transport all qualified children who do not live closer than 2 miles to the school or school bus stop. There is a provision that directors can fulfill their responsibility to transport by (1) using a school bus, (2) contracting for the service, or (3) by making payments in lieu of providing transportation —either payments to parents who provide the transportation or payments to parents for board and room. The regulation provides that when parents transport their own children to school as a substitute for a school bus or contract service, a rate of 10 cents per mile is allowed with a maximum allowance of $450 per family per year.

The amount offered the appellants included the maximum amount the superintendent would reimburse, plus the amount which it would cost the school district to transport a student on the most expensive bus run. The court was advised by counsel at oral argument that the superintendent has since raised the amount which it will reimburse and that the offer to the appellants had been increased accordingly.

The original offer amounted to approximately 13 cents per mile of travel. That amount is comparable with the mileage authorized by the legislature in numerous other situations where provision is made for reimbursement of transportation expenses. See RCW 43.03.060 (reimbursement of travel expenses of state officials and employees— "not to exceed thirteen cents a mile"); RCW 2.36.150 (jurors—10 cents per mile); RCW 10.55.060 (out-of-state witnesses testifying in this state—10 cents per mile); RCW

2.40.010 (witnesses—10 cents per mile); RCW 3.70.030 (magistrates' association members—10 cents per mile); RCW 44.24.060 (legislative council members—13 cents per mile); RCW 44.04.120 (legislative committee members—13 cents per mile); RCW 18.85.360 (real estate brokers in licensing proceedings—10 cents per mile); RCW 44.16.110 (legislative hearings and inquiries—5 cents per mile).

This pattern, in which a set mileage figure is used, indicates a legislative determination that a fixed amount is more equitable than reimbursement of actual expenses. It does not favor the owner of a large expensive vehicle getting low gasoline mileage over the driver of a small, inexpensive car which economizes on fuel. Presumably depreciation is a factor taken into account in arriving at the mileage figure. Comparing the allowance offered the appellants with that which is provided by statute in many other divergent situations, leads to the conclusion that the amount authorized by the superintendent, and particularly the amount offered by the school district in this case, was reasonable.

The policy of providing for reimbursement on the basis of a set rate per mile appears to be a well-established one and presumably is the product of legislative wisdom and experience.

Cases in other jurisdictions have held that in the absence of fraud or bad faith the amount allowed a parent by the school district is within the discretion of the district. *Schumaker v. School Dist. 141*, 137 Kan. 844, 22 P.2d 441 (1933); *Stoops v. Hale,* 91 Colo. 246, 14 P.2d 491 (1932). *See also Woodlawn School Dist. 6 v. Brown,* 216 Ark. 14, 223 S.W.2d 818 (1949), holding that the discretion of a board was not abused when the route chosen resulted in unintentional discrimination, and *State v. Walters,* 212 Wis. 132, 248 N.W. 777 (1933), also holding that the choice of a system which resulted in some discrimination was not unreasonable. In *Harwood v. Dysart Consol. School Dist.,* 237 Iowa 133, 21 N.W.2d 334 (1946), the court held that a school district was

obliged to compensate a parent for transporting his child to school where bus service was not available to him and indicated that the proper basis for compensation would be a fixed rate per mile. In *State ex rel. Miller v. Joint School Dist. 1*, 5 Wis. 2d 16, 92 N.W.2d 232 (1958), it was held that in the exercise of its discretion, a school board could decide not to enter long driveways to pick up students, even though one driveway was 7/10-mile long.

In *Manjares v. Newton*, 64 Cal. 2d 365, 411 P.2d 901, 49 Cal. Rptr. 805 (1966), the California court held that a school district was under a duty to send a bus or other vehicle to pick up eight children who otherwise would be totally deprived of an education. The parents in that case were practically destitute and had no vehicle which could be used for transporting the children, and the court found the district's financial condition was such that it could afford to send a vehicle to pick up the children and that consequently its action in refusing to provide transportation was arbitrary and capricious. That is not the situation presented here. The appellants have the means of transporting their child and there is no showing that the school district could afford to purchase a vehicle that could safely travel the road to the appellants' house and hire a driver for it without diverting funds needed for other school purposes.

The cases are collected in annotations entitled *Transportation of school pupils at expense of public*, 63 A.L.R. 414 (1929), 118 A.L.R. 806 (1939), and 146 A.L.R. 625 (1943). In 79 C.J.S. *Schools and School Districts* § 475, at 408 (1952), the general rule is stated to be:

> The board may allow parents or guardians as compensation a sum not in excess of that which would otherwise be paid, and its discretion in fixing compensation, if within the statutory limits, is not reviewable in the absence of fraud or bad faith.

(Footnotes omitted.)

The evidence supports the trial court's finding that the road leading to the appellants' residence was unsafe for bus

travel. The appellants have not shown that in reaching its decision not to send a bus on this road and in offering as reimbursement for their transportation expenses the maximum amount which the school board had available for that purpose, the board acted arbitrarily and capriciously. The constitutionality of the statutes has not been challenged nor is there any showing that the rules and regulations adopted pursuant to those statutes are invalid. There is no allegation of fraud or bad faith.

In reviewing administrative action, we will not substitute our judgment for that of the administrative agency and will upset its determination only if the evidence establishes it was arrived at by unlawful, arbitrary or capricious action. *State ex rel. Cosmopolis Consol. School Dist. 99 v. Bruno*, 61 Wn.2d 461, 378 P.2d 691 (1963).

We have examined the other contentions of the appellants and find that none establishes error upon the part of the trial court.

The judgment is affirmed.

STAFFORD, C.J., and FINLEY, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.