Wilmot Union High School District, Appellant, v. Rothwell, State Superintendent of Public Instruction, Respondent.

*March 4—March 30, 1965.*

For the appellant there was a brief by *Kelly & Richter* and *Robert T. Richter,* all of Burlington, and *Heide, Sheldon, Hartley & Thom* and *William A. Sheldon,* all of Kenosha, and oral argument by *William A. Sheldon.*

For the respondent the cause was argued by *Harold H. Persons,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

CURRIE, C. J. The appeal to defendant state super-intendent by the 22 aggrieved electors of the area sought to be attached was taken fifty-seven days after the denial of the petition by the municipal boards and seventy-six days after the filing of such petition. The issue before us is whether the appeal to defendant was taken within the time prescribed by statute for taking such an appeal. If the appeal to defendant was not timely taken, defendant had no jurisdiction and the order he entered is void.

Sub. (3) (a) of sec. 40.06, Stats., is the controlling statute which prescribes the time within which appeals are to be taken by aggrieved persons where there has been either action or nonaction by municipal boards with respect to a petition filed seeking a detachment of territory from one district and attachment of it to another district. This statute provides as follows:

"Any person aggrieved by an order made under this section may appeal to the state superintendent within 30 days following the date of mailing of such order as provided in

sec. 40.025 (5). If action adverse to the making of an order of reorganization is taken by town or village boards or city councils, whether acting alone or jointly, at or following a hearing upon a petition for such reorganization, any person aggrieved by such adverse action may appeal to the state superintendent within 30 days following the date of such action. If no order of reorganization is filed within 60 days after the filing of a petition therefor any person aggrieved may appeal to the state superintendent within 90 days after the filing of the petition and such appeal may be taken notwithstanding any other provision for appeal in this paragraph."

From the legislative history we conclude that the legislature intended a direct correlation between the above-quoted statutory provision, which fixes the time limits for appeal, and the provisions of sec. 40.025 (1) (d), Stats., which prescribes the duration which the boards, as a reorganization authority, retain jurisdiction, and of the period of preemption which precludes the initiation of any other reorganization proceeding. It seems obvious that the legislature intended this pre-emption to continue until the time for appeal, as prescribed in sec. 40.06 (3), has expired.

The material legislative history of these statutes is this: Prior to 1957, the provision limiting time for appeal to the state superintendent, when reorganization was sought by petition to municipal boards, was to be found in sub. (5) (a), sec. 40.06, Stats.[1] Ch. 536, Laws of 1957, enacted sec. 40.025 as an entirely new section and at the same time renumbered sub. (5) of sec. 40.06 as sub. (3) and amended it to read as it now does.

---

[1] Sec. 40.06 (5) (a), Stats. 1955, provided: "Any person aggrieved by an order of a municipal board or council may appeal to the state superintendent within 30 days, following the recording of such order; if a board or council, when petitioned to do so, refuses or neglects to issue and record an order of alteration, dissolution, consolidation or creation, any person aggrieved may appeal within 90 days following the filing of the petition."

The provisions of sec. 40.025 (1) (d), Stats., pertinent to this appeal are:

"Jurisdiction acquired pursuant to par. (a) is lost: . . .

"2. Upon the making of an order denying the reorganization proposed by a petition or a resolution, provided that until the expiration of 30 days after the mailing, as provided in sub. (5), of such an order made by town or village boards or city councils, acting alone or jointly, which denies a reorganization proposed by a petition, no other reorganization order shall be made and no other reorganization proceedings commenced, pertaining to all or any part of the territory included in said proposed reorganization, and any such other order made or other proceeding commenced is void;

"3. Upon taking of formal action denying the reorganization proposed by a petition or a resolution and the failure to make and file, as required by sub. (5),[2] an order to such effect within 10 days after such action, provided that until the expiration of 30 days following the date of such action by town or village boards or city councils, acting alone or jointly, which denies a reorganization proposed by a petition, no other reorganization order shall be made and no other reorganization proceedings commenced, pertaining to all or any part of the territory included in said proposed reorganization, and any such other order made or other reorganization proceeding commenced, is void; . . .

"6a. Upon failure of town or village boards, or city councils, acting alone or jointly, to make an order of reorganization within 60 days following the filing of a petition therefor, provided that until the expiration of 90 days after the date of the filing of such petition no other reorganization order shall be made and no other reorganization proceeding commenced, pertaining to all or any part of the territory included in the reorganization proposed by such petition, and any such other order made or other reorganization proceeding commenced, is void; . . ."

---

[2] Sub. (5) of sec. 40.025, provides in part, "A certified copy of any order made under ss. . . . 40.06 . . . shall be filed within 10 days with the county superintendent of the county in which the reorganized district lies."

Under the statutory construction which we adopt, par. 2 of sec. 40.025 (1) (d), Stats., dovetails with the first sentence of sec. 40.06 (3), viz., "(a) Any person aggrieved by an order made under this section may appeal to the state superintendent within 30 days following the date of mailing of such order as provided in s. 40.025 (5)." Likewise par. 3 of sec. 40.025 (1) (d) is keyed to the second sentence of sec. 40.06 (3), viz., "If action adverse to the making of an order of reorganization is taken by town or village boards or city councils, whether acting alone or jointly, at or following a hearing upon a petition for such reorganization, any person aggrieved by such adverse action may appeal to the state superintendent within 30 days following the date of such action." Similarly par. 6a of sec. 40.025 (1) (d) is correlated with the third sentence of sec. 40.06 (3), viz., "If no order of reorganization is filed within 60 days after the filing of a petition therefor any person aggrieved may appeal to the state superintendent within 90 days after the filing of the petition and such appeal may be taken notwithstanding any other provision for appeal in this paragraph."

The facts of the instant case fall in the category covered by par. 3 of sec. 40.025 (1) (d), Stats. Formal action was taken at the hearing of December 13, 1961, on the petition filed November 24, 1961, when the 12 boards voted nine to three to deny the petition. Not only was no order denying the petition filed within ten days of such action, but none could be because sub. (2) of sec. 40.06 [3] requires that a majority of each of the 13 boards concur in the action taken as a condition precedent to the making of a valid order.

---

[3] The first sentence of sec. 40.06 (2), Stats., provides,

"When a petition is filed or a resolution is adopted for the reorganization of a school district, as provided in sub. (1), and any territory of the proposed reorganized district comprises all or part of a school district affected by such reorganization which lies in more

The boards lost their jurisdiction on January 12, 1962, thirty days after such formal action taken at the hearing of December 13, 1961, and likewise by the express provision of the second sentence of sec. 40.06 (3) the appeal period expired at the end of this thirty-day period.

The attorney general contends that notwithstanding the appeal limitation period set forth in the second sentence of sec. 40.06 (3), Stats., the third sentence of this subsection had the effect of extending the appeal period to February 22, 1962, or ninety days after the filing of the petition on November 24, 1961. However, such a construction of sec. 40.06 (3) would not only render superfluous the thirty-day limitation period provided by the second sentence of the subsection, but would also render superfluous par. 3 of sec. 40.025 (1) (d). One of the cardinal rules of statutory construction is that the statute should be construed so as to give effect to every part of it. *Worachek v. Stephenson Town School Dist.* (1955), 270 Wis. 116, 122, 70 N. W. (2d) 657; *Greenebaum v. Department of Taxation* (1957), 1 Wis. (2d) 234, 238, 83 N. W. (2d) 682; 82 C. J. S., Statutes, p. 705, sec. 346.

A construction, which makes sense in light of this rule of construction and the necessity of correlating the provisions of sec. 40.025 (1) (d), Stats., with those of sec. 40.06, is that the third sentence of the latter is construed to refer to a situation where there has been neither formal action by any of the municipal boards denying the petition nor the filing of a valid order of reorganization. We adopt this construction.

---

than one town, village or city, the boards of all such towns and villages and the councils of all such cities in which any territory of any school district affected lies shall act jointly thereon; the concurrence of a majority of each board or council is necessary to a valid order."

We have experimented with other possible constructions. The only other one which would not offend the canon against superfluity is to construe "action" in the second sentence of sec. 40.06 (3), Stats., and "formal action" in par. 3 of sec. 40.025 (1) (d), as requiring action by all 13 boards. This would also require reading an unstated exclusion into the third sentence of sec. 40.06 (3) and par. 6a of sec. 40.025 (1) (d), excluding the application of these provisions to a situation where all municipal boards had acted. However, in situations in which no order of denial was contemplated to be entered, the formal action taken by any of the boards in denying the petition is just as effective to deny the petition as action taken by all the boards. Therefore, we cannot conceive that the legislature intended to draw the fine line of distinction which would result from adopting this alternative construction.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter a judgment adjudicating defendant's order of April 24, 1962, as amended May 8, 1962, void.