STATE EX REL. KNUDSEN, Respondent, v. BOARD OF EDU-
CATION, ELMBROOK SCHOOLS, JOINT COMMON SCHOOL
DISTRICT No. 21, Appellant.

*No. 267.   Argued May 8, 1969.—Decided June 3, 1969.*
(Also reported in 168 N. W. 2d 295.)

For the appellant there was a brief and oral argument by *H. J. Sanville* of Milwaukee.

For the respondent there was a brief by *Pfannerstill, Camp & Tyson* of Wauwatosa, and oral argument by *Richard F. Tyson.*

HEFFERNAN, J. The trial court concluded that the duties of the school board under the statutes were absolute and, hence, their function was not discretionary but ministerial. On this basis he issued the writ of mandamus. In reaching this conclusion it appears that the trial judge failed to give due significance to the portion of the statute which we consider to be controlling.

Three requirements for transportation to a private school are set forth in sec. 121.54 (2) (b) 2, Stats. As the trial judge pointed out, the school must be two or more miles from the student's residence and it must be either within the school district or not more than five miles beyond its borders. A third element is that it be "the nearest available private school which the pupil may reasonably choose to attend." The trial judge's decision makes it apparent that he interpreted the statute to mean that any school that lay within the geographical areas set forth in the statute was one which the pupil might reasonably choose to attend. We conclude, however, from a reading of the statute that the legislature did not intend to define a reasonable choice merely by these geographical limitations. The requirement that it be "the nearest available private school which the pupil may reasonably choose to attend" is a separate and third requirement necessary to trigger the obligation of the school district to furnish transportation.

It is a cardinal rule of construction that a statute must be construed if possible so that every portion of it is given effect. *Wilmot Union High School Dist. v. Rothwell* (1965), 27 Wis. 2d 228, 235, 133 N. W. 2d 782. A statute should be so construed that no part of it is rendered superfluous by the construction given. Following these basic rules, meaning must be given to the phrase, "the nearest available private school which the pupil may reasonably choose to attend." It is perfectly clear that the choice of school is the pupil's, but whether that choice is reasonable is to be determined in the discretion of the school board.

*State v. Walters* (1933), 212 Wis. 132, 134, 248 N. W. 777, in interpreting an earlier statute not concerned with transportation to private schools, held that what is reasonable in compliance with the statutes was to be left to the school board. We deem that the determination of what is reasonable is a function of the board's discretion and should be based not only on the pupil's option of initial choice but also upon the school board's consideration of the reasons impelling the student's choice and whether the implementation of that choice by publicly furnished transportation accords with its responsibilities, including its duty to effectively coordinate its transportation activities "to insure the safety and welfare of the pupils." Sec. 121.56, Stats.

We thus conclude that the function of the school board is something more than ministerial. It requires a weighing of conflicting factors which may very well vary in accordance with the subjective needs of the student and the particular problems of the school district. This determination requires the exercise of discretion. While it is perfectly clear that the trial judge was correct when he concluded that the duty of a school board to furnish transportation was plain and imperative if all the statutory requisites were met, the school board's discretion must be invoked before that conclusion can be reached.

On numerous occasions we have stated that it is an abuse of discretion for a court to compel action through mandamus when the public officer's duty is not clear and unequivocal and requires the exercise of discretion. *Menzel v. Milwaukee* (1966), 32 Wis. 2d 266, 145 N. W. 2d 198, and cases cited therein. Mandamus cannot be used to compel specific action by a municipal body or officer where the action sought to be compelled is discretionary in nature.

We conclude that the trial court failed to take into account the discretionary nature of the power that was vested in the school board by sec. 121.54 (2) (b) 2, Stats. Mandamus cannot properly be brought to compel

the public transportation of all private school students merely because they fall within the geographical limits of the formula. However, to find error in the judgment of the trial court is to look at but one side of the coin. Although it is axiomatic that a court cannot compel an officer to perform a discretionary act in any particular manner, it is equally true that one vested with discretionary powers must implement those powers only with discretion and not as a result of arbitrary conduct. Where the legislature has conferred discretionary power on a legislative body or administrative officer, a court will not set aside an exercise of that power unless it is clear that the power has been abused or exercised beyond the limits conferred by the legislature. The failure to exercise discretion where required constitutes the abuse of discretion.

We conclude that the school board failed to exercise discretion when it arbitrarily determined that Sherry's choice of school was unreasonable. The stipulated facts make it clear that Sherry's parents had sent her to the Divine Savior High School at their own expense, including transportation costs, for at least a portion of her three years of attendance there; that she and her parents preferred the noncoeducational atmosphere of Divine Savior High School; that Divine Savior High School was closer to Sherry's home than Catholic Memorial, to which the school board was willing to provide transportation; and that a majority of the students who gave Divine Savior as their choice of school lived closer to it than they did to Catholic Memorial. We conclude, without expressing any opinion as to how the school board should act, that these reasons supporting Sherry's choice of school should have been considered in the exercise of the Board's discretion. The stipulated facts, however, make it apparent that the reasons for an individual choice were given not the slightest consideration. The school board defends its decision on the basis of the area which the particular private school is deemed to serve.

The area which Catholic Memorial was deemed to serve for public transportation purposes was derived from the school board's reliance for this purpose upon the charter of the Catholic Memorial High School issued under the aegis of the archbishop of the archdiocese of Milwaukee in 1959,[2] eight years prior to the transportation amendment to the constitution. That charter, according to the school board, fixes the financial responsibility of Catholics in the six parishes which are within the school district to support the operation of Catholic Memorial High School. From this document, whose purpose was obviously not at all related to the transportation of students, the school board concluded that it was reasonable for Catholic students residing in the parishes served by Catholic Memorial High School to attend that school and no other. It was apparently the conclusion of the school board that the choice of the student to attend a school other than that which geographically served the area in which the student lived was an unreasonable choice. We do not read in the charter of Catholic Memorial High School any intent that Catholic students within the parishes served by the school are obligated to attend it; and if that be the intent, it is not the function of the public school authorities, by the use of their transportation monies, to make it more onerous for a child to go to another Catholic school of his own choice. The respondent herein, we believe, correctly points out that the charter merely provides a method of financing a high school which would be available for the attendance of the pupils in the area. We see no implication in the document before us that any com-

---

[2] "Section 2. The further purpose of this corporation is to serve for Catholic High School purposes a region designated by the Archbishop of the Archdiocese of Milwaukee, and it shall presently serve that region, and in the future, the region or area as may be designated by him.

"Section 3. The further purpose of the corporation is to establish the financial responsibility for the operation of the high school on the Catholics, and on the congregations in the area served, and to promote the assumption of that responsibility."

pulsion, even of a precatory nature, was intended by the archdiocese. From the respondent's brief, it is clear that this school charter was the almost exclusive determinant used in defining the school transportation areas. We deem that charter to be completely irrelevant to the question of whether a student's choice of another private school was unreasonable. It should be noted, moreover, that the Divine Savior High School is an independent school without geographical boundaries as are provided for Catholic Memorial High School in its charter.

The school board in its policy statement stated that:

"Where definite non-overlapping attendance boundary lines within the District have been established by private schools, and upon approval by the Board of Education, the District shall transport residence students to those private schools serving the designated area."

We would have no reason to question the use of these area boundary lines if they were but a factor in determining the reasonableness of a pupil's choice, but it is apparent that they constitute the sole reason for the school board's determination. The school board defends itself by stating:

"This is not a case of an attempt by the school board to set up educational service boundaries; it is a case of the board accepting certain service and attendance boundaries set up by the responsible private school authorities themselves."

We deem that this statement is an acknowledgment of the school board's complete abdication of its discretionary duties. The determination of school routes and the discretionary action to be taken in connection therewith is vested by the statutes and by the constitution of the state of Wisconsin in the school boards and not in the authorities who manage private schools, whether they be parochial or nonsectarian. This decision cannot be upheld by pinning the responsibility upon parochial school authorities who, obviously, in the adoption of

their charter never conceived that it should affect the responsibilities of public authorities in providing transportation to a sectarian school. It is apparently the rationale of the school board that its obligation is satisfied if it provides transportation of a Catholic child to a Catholic school. We do not conceive that its duty is so limited. The right is vested in the constitution for the *child* to go to whatever school he desires, provided that choice is the nearest available private school which the pupil may reasonably choose to attend. It is not for the school board to determine that the education which a child and his parents may wish is as well served by one school as another even though those schools practice a common religious doctrine.

Throughout the respondent's argument runs the thread of thought that the transportation policy should accord with the needs or convenience of the private school. It is clear that sec. 23 of article I of the constitution contemplated transportation to a private school as being justified by but narrowly defined criteria—"the safety and welfare of children." For the disposition of this case it is not necessary to consider the constitutional implications which arise as a consequence of the respondent's school transportation policy. It is sufficient in this action to determine that there was a failure to exercise discretion and that such failure in itself constitutes an abuse of discretion. While we have pointed out that a court cannot compel that discretion be exercised in a particular way, mandamus does lie to compel a public officer or board to exercise the discretion with which it is vested. *State ex rel. Joyce v. Farr* (1940), 236 Wis. 323, 295 N. W. 21.

We therefore conclude that the writ of mandamus should properly have been issued by the circuit court on the ground that the board of education failed to exercise its lawful discretion, and with the mandate that the board proceed to make its decision after a discretionary determination of whether the private school selected by Sherry

(and other students similarly situated) was "the nearest available private school" which she may reasonably have chosen to attend.

*By the Court.*—Judgment modified and, as so modified, affirmed. The cause is remanded for the purpose of entering judgment not inconsistent with this opinion.