VICTOR MOYER, Corporation Counsel, Rock County
You ask if members of a Board of a Vocational, Technical and Adult Education District may be summarily removed and where the Board was initially appointed by the Chairmen of the County Boards of the two counties making up the district, must both Chairmen agree as to the dismissal or the dismissal be made by one of the Chairmen.
It is my opinion that the dismissal of the board members may be summary and need not be for cause.
As you stated in your letter, the leading case in Wisconsin regarding dismissal of public officers is Ekern v. McGovern
(1913), 154 Wis. 157. In that case the statute under consideration provided that any officer who was ". . . appointed by the governor by and with the advice of the senate or by the legislature with the concurrence of the governor may, for official misconduct, habitual or willful neglect of duty, be removed by the governor upon satisfactory proof, at any time during the recess of the legislature." (Ekern v. McGovern,154 Wis. 157, 164.)
The relevant statutes involving the answer to your question are sec. 17.13 (1), *Page 98 
"17.13. Removal of village, town, school district andvocational officers.
"* * *
"1) APPOINTIVE OFFICERS. Any appointive village, town, school district and vocational, technical and adult education district officer, by the officer or body that appointed him, at pleasure. Removal of any such officer by a body shall be by a majority vote of all the members thereof." (Emphasis added.)
and sec. 38.08 (1) (a), (b) and (2).
"38.08 Composition and organization of district board. (1) (a) A district board shall administer the district and shall be composed of 7 members who are residents of the district, including 2 employers who have power to employ and discharge, 2 employes who do not have power to employ or discharge, 2 additional members and a school district administrator of a school district which lies within the district. The school district administrator shall be appointed by the other 6 members.
"(b) District board members shall take office on July 1 and shall serve 6-year terms, except that the school district administrator shall serve a 2-year term.
"(2) Members of a district board shall serve until their successors are appointed and qualified. A vacancy shall be filled for the unexpired term by a majority vote of the remaining members of the district board."
In State ex rel. Pieritz v. Hartwig (1930), 201 Wis. 450, the court wrote quoting Ekern at page 452:
"`It is conceded, in all the cases, that where a fixed term is assigned to the office, the appointing power has no absolute power of removal. . . . At common law in all cases except wherean office is held absolutely at pleasure, an officer could be removed only for cause and after a hearing." . . . One might call the roll of all the highest courts of the country which have dealt with the subject in support of the foregoing. It is no exaggeration to say . . . that there is practical unanimity in the adjudications in this country in respect to the matter.'Ekern v. McGovern, 154 Wis. 157, 244, 142 N.W. 595. *Page 99 
"In the absence of a clear expression of legislative intention to change this well established rule of the common law, it must be assumed that the legislature intended to confine the power of removal at pleasure to those cases where there was an absence of both confirmation by the common council and a fixed term of office. We find no such clear expression of a legislative intent in sub. (1) (c) of sec. 17.12 of the Statutes." (Emphasis added.)
And again in Ekern at pages 243, 244 the court wrote:
". . . [W]e must distinguish between an office held subject to summary right of removal for cause satisfactory to the removal officer or tribunal, and an office having incidents of a fixed term, but subject to be terminated for due cause, or some particular cause, required to be established by proof. Due process of law in the one case may not require a common-law hearing, while it does in the other; that being supposed to have been in contemplation of the lawmaking power as an absolute requirement of the common law and to be regarded as read into the statutes in the absence of any express indication to the contrary or something equivalent thereto."
In London v. City of Franklin, et al. (1904), 80 S.W. 514, the court, when faced with statutes providing for summary removal of officers appointed for a definite term, wrote at pages 514, 515:
"`. . . The marshal, assessor, treasurer, clerk and city attorney shall be appointed for a term of two years by the city council, but may be removed at the pleasure of the city council.' Section 3622 also provides: `Any vacancies occurring in any of the offices provided for in this chapter shall be filled by appointment of the city council.' These sections are part of the act regulating cities of the fifth class, to which Franklin belongs. . . . It is insisted for appellant that under the constitutional provision officers of cities and towns may be only removed for cause, and that section 3619 of the statute, above quoted, must be construed to refer only to removals for cause, or, if not so construed, is unconstitutional. The language of the statute is that the officers named may be removed at the pleasure of the city council. These words have a well-defined legal meaning. The right to remove at pleasure is an entirely different thing from the right to remove for cause. To hold that the statute only authorizes the council to remove for cause would be to deny the words used by the Legislature their ordinary meaning. *Page 100 
This cannot be done . . . their appointees during the term hold at their pleasure. In other words, their appointments are subject to the pleasure of the council, but expire in any event after two years. . . ."
This appears to be the general rule. See Collison v. State
(1938), 2 A.2d 97, 119 A.L.R. 1422, 1438. In the annotation cited appears the following significant comment:
"The authorities generally support the rule that, in the absence of a constitutional provision prescribing the manner of removing the officer in question, or requiring that there be cause as a condition of such removal, a statute specifying the number of years for which an officer shall hold office, and expressly providing that he may be removed without cause, authorizes his summary removal at any time within the designated term."
It is my opinion therefore that despite the appointment of the board for a term of years, the legislature clearly intended to permit their removal at the pleasure of the appointing authority. Since the office is held absolutely at pleasure, a hearing is ordinarily not required for such removal. However, the exercise of the power of removal must not be an abuse of discretion. (See cases cited at 4A Words and Phrases 392.)
RWW:JWC