STATE, Plaintiff-Respondent, v. ALSTON,
Defendant-Appellant.

Court of Appeals

*No. 78–493–CR. Submitted on briefs October 12, 1979.—
Decided December 11, 1979.*
(Also reported in — N.W. —.)

For the plaintiff-respondent the cause was submitted on the briefs of *Edward S. Marion,* assistant attorney general, with whom on the brief is *Bronson C. La Follette,* attorney general.

For the defendant-appellant, the cause was submitted on the briefs of *Robert J. Paul,* deputy state public defender.

Before Decker, C.J., Moser, P.J., and Cannon, J.

PER CURIAM. Eugene Edward Alston appeals from an order denying his motion to modify sentence made pursuant to sec. 974.06, Stats. By motion dated September 12, 1978, Mr. Alston moved this court for appointment of counsel, claiming indigency. We referred the matter to the State Public Defender (SPD) "for determination of indigency and the appointment of legal counsel under ch. 977."

By memorandum dated November 15, 1978, the SPD's office informed the court that the SPD "had had independent contact with Mr. Alston . . . [W]e have independently reviewed Mr. Alston's request for counsel, have determined that he is indigent, but in exercising our discretion under Ch. 977, determined that we will not represent him on this appeal."

After this memorandum was rejected by the court, the SPD submitted a memorandum dated January 24, 1979,

advising the court that the SPD construed the court's order as a referral under sec. 977.05(4)(j), Stats; that the SPD had concluded that Mr. Alston's appeal was without merit and so informed Mr. Alston, with proper legal citation; that a no merit report was not required under the circumstances of this appeal; and that, in the absence of arguable merit, the SPD was without authority under sec. 977.05(4)(j) to appoint counsel for Mr. Alston. Upon order of this court, the SPD has submitted an extensive brief in support of its position.[1]

We are concerned with the extent and performance of the duty of the SPD upon a referral for determination of indigency and appointment of legal counsel under ch. 977, Stats., made by this court in the exercise of our appellate jurisdiction upon a motion for appointment of counsel for an indigent appellant to prosecute an appeal of a denial of a motion for modification of sentence under sec. 974.06, Stats. In that this is not an appeal from a criminal conviction, as in *Anders v. California,* 386 U.S. 738 (1967), appellant has no right to appointed counsel, *Peterson v. State,* 54 Wis.2d 370, 380–382, 195 N.W.2d 837, 846 (1972), and the *Anders* requirement of submission of a no merit report and Rule 809.32 are not applicable. Appointment of counsel to represent Mr. Alston on this appeal, under *Peterson,* is a matter of the exercise of our discretion. We have not exercised this discretion to appoint the SPD as counsel to represent Mr. Alston on this appeal of the denial of his sec. 974.06 motion. We have, however, in the exercise of our appellate jurisdiction, upon the motion for appointment of counsel, referred the matter to the SPD to proceed under

---

[1] Both Mr. Alston and the State of Wisconsin were given an opportunity to file briefs addressing the position taken by the SPD. Neither have done so. The SPD's petition to bypass was denied by the supreme court on August 28, 1979.

ch. 977.[2] We agree with the SPD that the applicable section is 977.05(4)(j) which provides:

(4) DUTIES. The state public defender shall:

. . . .

(j) At the request of any person determined by the state public defender to be indigent or upon referral of any court to prosecute a writ of error, appeal, writ of habeas corpus or other post-conviction or post-commitment remedy on behalf of such person before any court, if the state public defender is first satisfied there is arguable merit to such proceedings.[3]

In the context of this appeal, under this section, the SPD has been delegated the statutory duty to exercise discretion with respect to representing Mr. Alston on an appeal of a denial of a sec. 974.06 motion. The existence of arguable merit to the appeal is the keystone to the exercise of such discretion.

Exercise of discretion contemplates a process of reasoning to be explicated upon a rational and explainable basis. *McCleary v. State,* 49 Wis.2d 263, 182 N.W.2d 512 (1971). The discretion cannot be exercised arbitrarily or capriciously. Applying standards developed by our supreme court, the SPD:

---

[2] We need not, in this case, establish the standards by which we will determine upon a motion for appointment of counsel whether to make a determination under *Peterson* or first refer to the SPD for a determination under ch. 977. This case involves the situation where we have referred first to the SPD.

[3] We believe sec. 977.05(4)(j) should correctly read:

(4) DUTIES. The state public defender shall:

. . . .

(j) At the request of any person determined by the state public defender to be indigent or upon referral of any court to prosecute a writ of error, appeal, writ of habeas corpus or other post-conviction or post-commitment remedy on behalf of such person before any court, if the state public defender is first satisfied there is arguable merit to such proceedings.

[D]oes not act in an arbitrary or capricious manner if it acts on a rational basis. Arbitrary action is the result of an unconsidered, wilful or irrational choice, and not the result of the "sifting and winnowing" process. *Robertson Transport Co. v. Public Serv. Comm.*, 39 Wis. 2d 653, 661, 159 N.W.2d 636, 640 (1968) (citations omitted).

Capricious action is the result of:

[A] whimsical, unreasoning departure from established norms or standards; it describes action which is mercurial, unstable, inconstant, or fickle. In legal usage, a decision is capricious if it is so unreasonable as to "shock the sense of justice and indicate lack of fair and careful consideration."

Typical of the cases in which the epithet *capricious* may properly be applied are those where an agency has given different treatment to two respondents in identical circumstances, or has exhibited an irrational unfairness which suggests malice or discrimination. *Scharping v. Johnson*, 32 Wis.2d 383, 390, 145 N.W.2d 691, 695 (1966) (citation omitted).

If the SPD declines to represent an indigent appellant under sec. 977.05(4)(j) upon referral by this court, we will not interfere with that decision if we are convinced after review that the SPD has not abused its discretion by failing to exercise it or by exercising it arbitrarily or capriciously. *McCleary, supra; see, also, State ex rel. Knudsen v. Board of Education*, 43 Wis.2d 58, 67, 168 N.W.2d 295, 299 (1969).

Our review of the SPD's decision is mandated by the effect on the appellate proceedings invoked by the motion for appointment of counsel and our referral to the SPD. The office of the State Public Defender was created to assure that indigent defendants would be represented by attorneys experienced and expert in criminal law and proceedings. The SPD serves as an advocate for indigent defendants both at the trial and appellate levels. In the

circumstances of this case, the SPD has discretion under sec. 977.05 (4) (j) to represent an indigent defendant and prosecute his appeal. Where, as here, this discretionary authority is invoked by court referral, the orderly and efficient administration of the appellate process is directly affected by the SPD's decision. Furthermore, especially where invoked by court referral, it is within our judicial province to determine whether the SPD has properly performed its function consistent with the federal and state constitutions. *See Outagamie County v. Smith,* 38 Wis.2d 24, 155 N.W.2d 639 (1968).

Generally, the orderly administration of justice on appeal is best served when indigent defendants desiring counsel are represented by attorneys. Specifically, the court's eventual disposition of the motion for appointment of counsel and its effect on the efficient administration of the particular appeal depends upon the timely and proper exercise of the SPD's discretion and communication and explanation of its decision to the court.

The constitution of Wisconsin endows our court with appellate jurisdiction and supervisory authority over all actions and proceedings in the district. We are also granted the power to issue all writs necessary in aid of our jurisdiction. Art. 7, sec. 5(3), Wisconsin Constitution; secs. 752.01 and 752.02, Stats. When the people by means of the constitution establish courts, the courts become endowed with all judicial powers essential to carry out the judicial functions delegated to them. *In re Hon. Charles E. Kading,* 70 Wis.2d 508, 517, 235 N.W. 2d 409, 412, 238 N.W.2d 63, 239 N.W.2d 297 (1975). We have been delegated appellate and supervisory jurisdiction and are empowered to issue all orders necessary to efficiently perform our appellate function.

We, therefore, hold that where an appeal has been filed in our court and where we have made a referral

to the SPD in response to appellant's motion for appointment of counsel, where representation is discretionary, the SPD shall report its decision to our court within a reasonable period of time in a statement of sufficient detail to demonstrate that the SPD has properly exercised its discretion so that we may efficiently dispose of the motion for appointment of counsel and ultimately perform our appellate decision-making function. The scope of the statement shall depend upon the particular circumstances. The statement must contain more than the SPD's conclusions, and it shall explain the reasons for the determination made by the SPD, but it need not be of the scope of an *Anders* no merit report.

We turn now to Mr. Alston's motion for appointment of counsel to represent him on this appeal. In response to our referral and subsequent orders, the SPD has submitted two memoranda and a brief. In the instant appeal we need not determine if the SPD has properly exercised its discretion and may not rule on appellant's motion. From our review of the documents submitted by the SPD and our independent review of the record, we conclude that the court lacks jurisdiction over the instant appeal.

As stated in his notice of motion, Mr. Alston moved the circuit court "for modification of sentence pursuant to sec. 974.06, Wisconsin Statutes, and for the appointment of counsel therefor." On July 28, 1978, the circuit court, the Honorable John L. Coffey presiding, denied the motion in an oral pronouncement from the bench. "An appeal may be taken from an order *entered* on the motion as from a final judgment." Sec. 974.06(7), Stats. (emphasis added). To be appealable the order must be in writing and filed in the office of the clerk of court. *Dumer v. State,* 64 Wis.2d 590, 219 N.W.2d 592 (1974); *see, also, State ex rel. Hildebrand v. Kegu,* 59 Wis.2d 215, 207 N.W.2d 658 (1973); *Ramsthal Adv. Agency v. En-*

*ergy Miser, Inc.,* 90 Wis.2d 74, 279 N.W.2d 491 (1979). A notation in the judgment roll of the oral pronouncement is not sufficient. Neither is the oral pronouncement's appearance in the transcript. Although the oral pronouncement may be effective insofar as it concerns the parties and the circuit court, a filed written order is necessary to meet the entry requirement and to confer appellate jurisdiction. Here, there is an oral pronouncement and no written order has ever been entered. On this basis, the appeal must be dismissed.[4] *See Dumer, supra.*

*By the Court.*—Appeal dismissed.

---

[4] We do not dismiss this appeal on the SPD's motion filed October 24, 1979. We note the SPD's report of the creation of an ad hoc committee of the Administrative Committee of Court, sec. 758.15, Stats., to study *pro se* prisoner proceedings. Upon meritorious recommendations of this committee or at the direction of the supreme court, the procedure outlined in this opinion may be reconsidered and modified.