DAVID NIBLACK State Public Defender
You have requested my opinion concerning the scope of discretion available to the State Public Defender in electing not to provide counsel in conditions of confinement cases and in cases seeking post-conviction and post-commitment remedies in which there is no absolute right to counsel for indigents. Specifically, you request my opinion as to the effect of the changes in the State Public Defender's responsibility and discretion made by ch. 20, Laws of 1981.
Prior to the amendments contained in ch. 20, Laws of 1981, the relevant portions of sec. 977.05(4), Stats., provided that the State Public Defender should:
(i) Provide legal services in:
 1. Cases involving persons charged with a crime against life under ss. 940.01 to 940.12.
 2. Cases involving persons charged with a felony not specified under subd. 1.
 3. Cases involving persons charged with a misdemeanor not specified under subd. 1.
 4. Cases involving persons subject to emergency detention or involuntary civil commitment under ch. 51.
 5. Cases involving children subject to adjudication as a delinquent.
 6. Cases involving persons attacking the conditions of their confinement.
 7. Cases involving paternity determinations under ch. 767 where the state is the petitioner under s. 767.45(1)(g) or where the petitioner is represented by the district attorney, corporation *Page 212 
counsel or other state or county attorneys under s. 767.45(6).
 (j) At the request of any person determined by the state public defender to be indigent or upon referral of any court to prosecute a writ of error, appeal, writ of habeas corpus or other post-conviction or post-commitment remedy on behalf of such person before any court, if the state public defender is first satisfied there is arguable merit to such proceedings.
Chapter 20, Laws of 1981, made the following changes:
 SECTION 1829. 977.05(4)(i)6 of the statutes is repealed.
 SECTION 1831. 977.05(4)(j) of the statutes is amended to read:
 977.05(4)(j) At the request of any person determined by the state public defender to be indigent or upon referral of any court to, prosecute a writ of error, appeal, writ of habeas corpus or other post-conviction or post-commitment remedy or attack the conditions of confinement on behalf of such person before any court, if the state public defender [is first satisfied there is arguable merit to such proceedings]* determines the case should be pursued.
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
It is clear that the changes made by ch. 20, Laws of 1981, modified the scope of discretion afforded the State Public Defender in two respects: (1) the repeal of sec. 977.05(4)(i)6, Stats., and the transfer of responsibility for representation in conditions of confinement cases to sec. 977.05(4)(j), Stats., demonstrate a legislative intent that legal representation in these cases is not mandatory and is subject to the State Public Defender's discretion; and (2) the deletion of the arguable merit language in sec. 977.05(4)(j), Stats., and the substitution of language "if the state public defender determines the case should be pursued" demonstrates a legislative intent that the arguable merit of the individual case referred to the State Public Defender is not the only factor which may be considered in deciding whether to provide legal representation for an indigent in the types of cases specified in subsection (j). *Page 213 
The comments of the Legislative Fiscal Bureau to ch. 20, Laws of 1981, support the above conclusions since they explain that the revision:
 [Modifies] the duties of the State Public Defender to eliminate an existing statutory requirement that the office provide representation for all indigent persons attacking the conditions of their confinement. In addition [it provides] the State Public Defender with discretionary authority to determine whether a request from an indigent defendant or a court referral to prosecute a post-conviction or post-commitment remedy or a confinement challenge should be pursued by the office or not. Under current law, the office is required to handle such a request or referral if it is first satisfied there is arguable merit to the proceedings (except for confinement challenges which, as noted, is currently a mandatory duty of the office).
There are two appellate decisions which consider the scope of the State Public Defender's discretion prior to the amendments contained in ch. 20, Laws of 1981. The first case is State v.Alston, 92 Wis.2d 893, 288 N.W.2d 866 (Ct.App. 1979). The appellant in Alston appealed from an order denying his motion to modify sentence and requested that the court of appeals appoint counsel for him. The court of appeals referred the matter to the State Public Defender under ch. 977. The State Public Defender's Office advised the court of appeals that it construed the court's order as a referral under sec. 977.05(4)(j), Stats., that it had concluded the appeal was without merit and, accordingly, declined representation. The State Public Defender's Office provided the court of appeals with memoranda explaining the basis for its decision. The court of appeals ruled as follows, Alston,92 Wis.2d at 896, 898-99:
 In the context of this appeal, under this section [sec. 977.05(4)(j)], the SPD has been delegated the statutory duty to exercise discretion with respect to representing Mr. Alston on an appeal of a denial of a sec. 974.06 motion. The existence of arguable merit to the appeal is the keystone to the exercise of such discretion.
. . . .
 We, therefore, hold that where an appeal has been filed in our court and where we have made a referral to the SPD in *Page 214 
response to appellant's motion for appointment of counsel, where representation is discretionary, the SPD shall report its decision to our court within a reasonable period of time in a statement of sufficient detail to demonstrate that the SPD has properly exercised its discretion so that we may efficiently dispose of the motion for appointment of counsel and ultimately perform our appellate decision-making function. The scope of the statement shall depend upon the particular circumstances. The statement must contain more than the SPD's conclusions, and it shall explain the reasons for the determination made by the SPD, but it need not be the scope of an Anders no merit report.
The second case is Public Defender Office v. Dodge County Cir.Ct., 104 Wis.2d 579, 312 N.W.2d 767 (1981). The narrow question presented was whether a circuit court, in the exercise of its inherent power to appoint counsel, could appoint the State Public Defender in a conditions of confinement case when that office, after investigation, advised the circuit court that it declined to provide representation. The supreme court ruled that the State Public Defender could not be required to provide representation in these circumstances. However, the supreme court reached this conclusion by invoking its supervisory power over courts and not by construing the provisions of ch. 977. First, the supreme court recognized that the State Public Defender's Office, in the exercise of its discretion to accept or decline representation, could properly consider the impact of representation on its case load and its financial resources. Dodge County Cir. Ct.,104 Wis.2d at 588-90:
 It is apparent that if we were to require the Office of State Public Defender to accept all circuit court appointments as counsel in conditions-of-confinement cases, these appointments might generate a large volume of cases which the Office might not be able to handle properly. We observe that it is the policy of the Public Defender's Office, in view of that office's finite resources, to carry out a planned program of litigation and other services which necessarily require an allocation of resources. Allocation of resources is not merely good administrative practice, but may, in certain instances, be required as a matter of conscientious commitment to the obligations imposed by the Code of Professional Responsibility. See SCR 20.31 *Page 215 
(1980); ABA Committee on Ethics and Professional Responsibility, Formal Opinion 334 (1974), and Informal Opinion 1359 (1976). The interests of defendants, of inmates, of the public, and of the legal system are not well served if the Office of State Public Defender is forced to represent a substantially greater number of persons than the Office's resources realistically permit. The maintenance of inmate access to the courts, Bounds v. Smith, 430 U.S. 817 (1977), requires not only an open route to the courthouse but an assurance that if representation is afforded, the representation be competent to provide pursuit of the claim.
(Footnotes omitted.)
The supreme court then established the following procedure for the appointment of counsel in conditions of confinement cases,104 Wis.2d at 591:
 We conclude that the following procedure should be employed by the circuit court in a case such as the one before us when it determines that counsel should be appointed to represent an inmate in a pro se conditions-of-confinement claim: The circuit court should refer the pro se
conditions-of-confinement claim to the Office of State Public Defender for representation. The Office should review any such referral and promptly advise the circuit court in writing whether or not it will represent the inmate. If the Office refuses to represent the inmate, the circuit court should appoint counsel for the inmate in the conditions-of-confinement case other than the Office of State Public Defender. We believe this procedure is consistent with the public policy set forth by the legislature in Ch. 977, with the professional and statutory obligations of the Office of State Public Defender, and with the needs of the inmates, the judicial system, and the public.
The court of appeals in Alston measured the State Public Defender's exercise of discretion by the arguable merit standard. This standard is codified in sec. 809.32, Stats. It provides that on a direct appeal, where the indigent defendant has a constitutionally protected right to an attorney, counsel may withdraw only if it can be demonstrated that the case is frivolous and without any arguable merit. See Anders v.California, 386 U.S. 738, 744-45 (1967). The *Page 216 
Wisconsin Supreme Court emphasized in State v. Mosley,102 Wis.2d 636, 668, 307 N.W.2d 200 (1981). that, absent a finding of no arguable merit under sec. 809.32, Stats., the State Public Defender has a duty to represent the indigent defendant on a direct appeal under sec. 977.05(4)(j), Stats.
Chapter 20, Laws of 1981, removed the arguable merit standard from sec. 977.05(4)(j), Stats., and substituted language that the State Public Defender may accept referrals for representation if he or she "determines the case should be pursued." I would emphasize that this increase in the State Public Defender's discretion and the removal of the arguable merit standard does not apply to direct appeals from a criminal conviction. SeeMosley, 102 Wis.2d at 668. However, it does appear that the Legislature intended to increase the State Public Defender's discretion in other cases specified in subsection (j) where the indigent has no absolute right to counsel under the constitution or applicable statute.
Under Alston, the State Public Defender could decline representation in a post-conviction proceeding only if it is demonstrated to the appellate court that the indigent's case was completely frivolous. The amendment made by ch. 20, Laws of 1981, removes the strict standard of arguable merit but does not specify any new standard for the exercise of discretion. It appears that the State Public Defender, in conditions of confinement cases and in cases seeking post-conviction and post-commitment remedies where there is no absolute right to counsel, may decline representation if it can be demonstrated that there is a reasonable basis for that decision. This may include, for example, the likelihood of success on the merits, the complexity of the legal and factual issues involved in the case, or the significance or lack of significance of the case to the development of criminal law. It would also appear from the supreme court's discussion in Dodge County Cir. Ct., that in addition to the merits of the individual case, the State Public Defender may also consider any impact on case load and financial resources when reaching a decision on representation. These grounds are arguably a reasonable basis for the exercise of discretion under sec. 977.05(4)(j), Stats., as amended by ch. 20, Laws of 1981. However, the exercise of discretion by the State Public Defender is subject to judicial review under Alston and the final arbiter of reasonableness will be the judiciary. *Page 217 
In conclusion, I suggest that the Office of the State Public Defender should establish a set of standards for the exercise of its discretion under sec. 977.05(4)(j), Stats. A set of standards would not only assist the reviewing court but it would also assist the State Public Defender's Office in developing an administrative program which could be uniformly applied to individual cases.
BCL:MRK