GARY I. GATES, Secretary Department of Employe Trust Funds
You request my opinion on two questions relating to the appointment of Employe Trust Funds (ETF) Board members by the Wisconsin Retirement (WR) Board and Teachers Retirement (TR) Board.
The WR Board and TR Board each appoint four members of the ETF Board for four year terms. At the time of appointment, each appointee must be a member of the appointing board. Sec.15.16(1)(a) and (b), Stats. The situation which gives rise to your questions occurs when the ETF Board member's term continues past the end of his or her term on the WR Board or TR Board. You note the problem as follows:
 WR Board and TR Board members are appointed to serve staggered five year terms per s. 15.165(3), Stats. These Boards each appoint four members of the ETF Board pursuant to s. 40.03(8) and 15.16(1), Stats. Each ETF Board appointment is for a four-year term (s. 15.16(1)) and, at the time of appointment, each appointee must be a member of the appointing Board (s. 15.16(1)). It is therefore inevitable that frequently a member's term on the WR Board or the TR Board will end and a successor be appointed and seated prior to the expiration of that member's four-year term of office on the Employe Trust Funds Board.
Your first questions asks:
 In the circumstance described, does the Wisconsin Retirement Board (or the Teachers Retirement Board in like circumstances) have the authority to appoint a replacement to the Employe Trust Funds Board prior to the expiration of the four-year term of office on the Employe Trust Funds Board of the former WR Board incumbent? *Page 128 
The answer to this question is yes since the WR and TR Boards have, under section 17.07(6), Stats., the authority to remove and replace their appointees to the ETF Board at any time. That removal power exists even though the official is appointed for a specific term.
Section 17.07 reads in part:
 Removals; legislative and appointive state officers. Removals from office of legislative and appointive state officers may be made as follows:
. . . .
 (6) Other state officers appointed by any officer or body without the concurrence of the governor, by the officer or body that appointed them, at pleasure.
WR and TR Boards have thus been granted the statutory authority to remove their appointments to the ETF Board "at pleasure." As the Wisconsin Supreme Court stated in Moses v. Board of VeteransAffairs, 80 Wis.2d 411, 414-15, 259 N.W.2d 102 (1977):
 In this state the right to remove legislative or appointive state officers is given by statute to the person or body that made the appointment of such officer. This is codified in a removal statute creating certain categories of officers. These categories relate the right to remove an officer with the person or body that made the appointment. One such category is "state officers appointed by the governor by and with the advice and consent of the senate, or appointed by any other officer or body, subject to the concurrence of the governor." State officers in this category can be removed from office only "by the governor at any time, for cause." Another category is "[o]ther state officers appointed by any officer or body without the concurrence of the governor." State officers in this category can be removed from office "by the officer or body that appointed them, at pleasure." If the petitioner is in the first category, he can be removed only by the governor for cause. But if the second applies, he is removable by the board, at its pleasure.
(Footnotes omitted.)
This authority to remove appointees to the ETF Board "at its pleasure" rather than solely "for cause" is not diminished by the statutory specification that the appointment is for a four year term. *Page 129 
I note that sections 17.20(1), dealing with "vacancies in appointive state officers," and 17.28, dealing with "when officers may hold office," both provide that appointees "shall hold office for the residue of the unexpired term." One could argue that this general language precludes the WR and TR Boards from exercising the "at pleasure" right to replace ETF Board appointees since they are appointed for a fixed term. I reject such a restrictive reading of this as a previous attorney general did by stating at 62 Op. Att'y Gen. 97, 100 (1973):
 It is my opinion therefore that despite the appointment of the board for a term of years, the legislature clearly intended to permit their removal at the pleasure of the appointing authority. Since the office is held absolutely at pleasure, a hearing is ordinarily not required for such removal.
"[W]hen there are several statutes relating to the same subject matter they should be read together and harmonized, if possible,"City of Milwaukee v. Milwaukee County, 27 Wis.2d 53, 56,133 N.W.2d 393 (1965). "A statute should be so construed that no part of it is rendered superfluous by the construction given." Stateex rel. Knudsen v. Board of Education, 43 Wis.2d 58, 65,168 N.W.2d 295 (1969). "The general rule of statutory construction is that where two provisions are susceptible of a construction which will give operation to both, without doing violence to either, it is incumbent on the court to search for a reasonable theory under which to reconcile them so that both may be given force and effect." State ex rel. Thompson v. Gibson, 22 Wis.2d 275, 292,125 N.W.2d 636 (1964) (footnote omitted). Sections 17.20(1),17.28 and 17.07(6) are properly harmonized by my construction. While ETF Board members are appointed and hold office for a four year term (or until a successor is appointed), the WR Board or TR Board may remove their appointees at pleasure during that four year term. Any other construction would effectively eliminate the authority to remove appointees "at pleasure" granted by section17.07(6) and would preclude the WR Board or TR Board from replacing a holdover ETF Board member against his will, except for cause.
Once appointed, an ETF Board member serves for a four year term (and as a holdover thereafter) unless a vacancy, as defined by section 17.03, is created. Where there is an incumbent lawfully holding the office of ETF Board member, there is no vacancy to be *Page 130 
filled by appointment. As the Wisconsin Supreme court stated inState ex rel. Thompson v. Gibson, 22 Wis.2d at 290:
 Under sec. 10, art. XIII of the Wisconsin constitution, the power to declare when an office shall be deemed to be vacant is vested in the legislature. sec. 17.03 provides that an office shall be deemed to be vacant upon (among other things) the death, resignation, or removal of the incumbent, but nowhere is it declared that an office is vacant when an incumbent holds over after expiration of the term for which he was initially appointed.
 Since the legislature has the power to declare the circumstances under which an office shall be deemed vacant, and has so declared in sec. 17.03, Stats., and since there is no provision in that statute, or any other, providing that a vacancy exists when a lawful appointee holds over, it cannot be said that an office is "vacant" for the purposes of sec. 17.20, where the incumbent holds over after expiration of his term.
Section 17.03 is, in part, material to the question addressed here:
 Vacancies, how caused. Any public office is deemed vacant upon the happening of any of the following events, except as otherwise provided:
(1) The death of the incumbent.
(2) His resignation.
(3) His removal.
. . . .
 (10) The expiration of the term of the incumbent if the office is elective.
. . . .
 (13) On the happening of any other event which is declared by any special provision of law to create a vacancy.
Expiration of the term of ETF Board member does not create a vacancy since the office is not elective. Thus "removal" by the WR Board or TR Board "at pleasure" was authorized by the Legislature as the method of replacing ETF Board members both during and when holding over after the expiration of the four year term. Lacking the removal power granted by section 17.07
(6), the WR Board or TR Board could only remove for cause. I find nothing in the statutes limiting the "at pleasure" removal authority to those *Page 131 
ETF Board members holding over after completion of a term and therefore construe the statute to authorize removal at anytime during the term.
Your second question is:
 If the answer to Question #1 is "Yes" is there any reason why the Wisconsin Retirement Board or the Teacher Retirement Board cannot permit the incumbent to complete his or her term on the Employe Trust Funds Board?
I find no reason that precludes an incumbent ETF Board member appointed by the WR Board or TR Board from remaining on the ETF Board even though he is no longer a member of the WR Board or TR Board that appointed him.
Section 15.16, providing for the membership of the ETF Board, states in part:
 (1) Employe Trust Funds Board. The employe trust funds board shall consist of 11 members. The board shall consist of the governor or the governor's designee on the group insurance board, the secretary of employment relations or the secretary's designee and 9 persons appointed for 4-year terms as follows:
 (a) Four members shall be members of the teachers retirement board, appointed by that board.
. . . .
 (b) Four members shall be members of the Wisconsin retirement board, appointed by that board.
. . . .
 (c) One member shall be a public member who is not a participant in or beneficiary of the Wisconsin retirement system.
The requirement of membership in the WR Board or TR Board is a requirement at the time of appointment and does not continue during the term. Had the Legislature intended continued membership on the WR Board or TR Board to be a continuing requirement, it would have so provided in section 15.16.
Section 15.165, which provides at subsection (3) for election or appointment of WR Board and TR Board members, specifically states at subsection (1)(a) that "[a]ny member of a board created under this section [15.165] who loses the status upon which the appointment or election was based shall cease to be a member of *Page 132 
the board upon appointment or election to the board of a qualified successor." The fact that the Legislature included this specific language in section 15.165, relating to the WR and TR Boards, is a significant indication that there was no intent to include this concept in section 15.16 relating to the ETF Board. Since section 15.165(1)(a) begins with the qualifier "[a]ny member of a board created under this section," it is reasonable to infer that since section 15.16 contained no such language the Legislature did not intend to set the same requirement for ETF Board members. Robinson v. Kunach, 76 Wis.2d 436, 445-46,251 N.W.2d 449 (1977).
It is therefore my opinion, in answer to your questions, that an appointee to the ETF Board whose appointment was based upon membership on the WR Board or TR Board may continue to remain a member of the ETF Board even if he is no longer a member of the WR Board or TR Board. The WR Board or TR Board may, however, remove and replace their appointees to the ETF Board "at pleasure."
BCL:WMS *Page 133