STATE EX REL. Anthony M. PAYTON,
Petitioner-Appellant,

v.

Darrell A. KOLB, Superintendent, Fox Lake
Correctional Institution, and State of Wisconsin,
Defendants-Respondents.†

Thomas CORNELIUS, Plaintiff-Appellant,

v.

Donald L. QUATSOE, and Wisconsin State Parole
Board, Defendants-Respondents.

Court of Appeals

*Nos. 86–1230, 86–0787. Submitted on motion July 25, 1986.—
Decided November 6, 1986.*

(Also reported in 400 N.W.2d 285.)

† Petition to review dismissed on Case No. 86–1230.

For the petitioners-appellants the cause was submitted on the motions of *Anthony M. Payton*, pro se, and *Thomas Cornelius*, pro se, of Waupun.

A response on behalf of the State Public Defender was filed by *Kenneth P. Casey*, assistant state public defender.

Before Gartzke, P.J., Dykman and Eich, JJ.

PER CURIAM. Anthony Payton and Thomas Cornelius are prison inmates. Each requests that we appoint counsel to represent him on his appeal. We referred each request for counsel to the public defender. The public defender has declined to act as appellate counsel for either Payton or Cornelius.[1] We conclude that the public defender has not abused its discretion under sec. 977.05(4)(j), Stats., and that neither Payton nor Cornelius has a constitutional right to counsel in his appeal. Since no statute or decision or rule adopted by

---

[1] We consolidate the requests to allow consideration in one opinion. Further proceedings in both appeals shall proceed as separate appeals.

the Wisconsin Supreme Court authorizes us to appoint counsel for the instant appeals, we deny each request for counsel.

Neither appeal is from a judgment of conviction. Payton has appealed from an order denying his application for habeas corpus challenging a burglary conviction entered on December 20, 1977 on no contest pleas. His application does not show that he has appealed the 1977 conviction or moved the trial court to withdraw his pleas, and the time to appeal his conviction has expired. Sec. 974.03, Stats. (1975). Cornelius has appealed from an order denying his application for mandamus directing that the prison make available to him his prison records and a transcript of his parole hearing.

Section 977.05(4)(j), Stats., provides that upon referral of a court the public defender shall provide legal services for indigent persons to prosecute habeas corpus and postconviction remedies "if the state public defender determines the case should be pursued." The public defender's determination is discretionary. *State v. Alston*, 92 Wis. 2d 893, 896, 288 N.W.2d 866, 868 (Ct. App. 1979).

The public defender must explain its decision not to provide legal services, but the explanation need not be as extensive as that in a no merit report under *Anders v. California*, 386 U.S. 738 (1967). *Alston*, 92 Wis. 2d at 899, 288 N.W.2d at 869. The explanation need only contain sufficient detail to demonstrate a proper exercise of discretion. *Id.* Discretion contemplates a process of rea-

soning with a rational and explainable basis. *Id.* at 896-97, 288 N.W.2d at 868.[2]

The public defender has sufficiently explained its refusals to appoint counsel. The public defender states that Payton's allegations in the trial court were conclusory, should have been made by a sec. 974.06, Stats., motion, lack sufficient merit, and have little chance of appellate success under recent decisions of the Wisconsin Supreme Court. The public defender states that in the past few months, appointments of public defender staff attorneys for appeals have exceeded budgeted projections by 16%, that the projected case load of those attorneys has already exceeded by 25% the maximum case loads recommended by the National Legal Aid and Defense Association, and that appointments of private attorneys have already exceeded budgeted projections. The public defender faces a current budgetary deficit of four million dollars. The public defender states its primary obligation is to persons who pursue direct appeals from convictions and who as a consequence have an absolute right to counsel. It receives 115 requests and referrals for discretionary appointments each month and can make only those discretionary appointments that do not jeopardize the quality of representation.

---

[2] The statute in *Alston* allowed the public defender to appoint counsel if he was satisfied that the postconviction proceedings had "arguable merit." Sec. 977.05(4)(j), Stats., (1977). The statute has been amended to allow appointment of counsel "if the state public defender determines the case should be pursued." 1981 Wis. Laws Chap. 20, sec. 1831. We do not interpret the amendment to reduce the deference accorded the public defender.

■ The public defender states that Cornelius's appeal has a very limited probability of success and that the issues are of little importance to other prisoners. The public defender also cites the pressure of a heavy case load.

We conclude that the public defender has not abused its discretion when declining to appoint counsel for Payton and Cornelius.

■ Neither Payton nor Cornelius are entitled to counsel in the instant appeals as a matter of constitutional right. The state is not required to provide counsel for proceedings beyond an appeal as of right from a conviction. *Wainwright v. Torna*, 455 U.S. 586, 587 (1982).

■ No statute, and no decision of or rule adopted by the Wisconsin Supreme Court, authorizes the court of appeals to appoint counsel in the instant appeals. *Compare Carpenter and another vs. County of Dane*, 9 Wis. 249, *274, 253, *278 (1859) (constitutional duties of circuit court to appoint counsel and of county to pay legal expenses for indigents in criminal prosecution are "equally clear and manifest").

We therefore deny each request for counsel.

*By the Court.*—The requests by Anthony Payton in case no. 86-1230 and by Thomas Cornelius in case no. 86-0787 for appointment of appellate counsel are denied.