STATE EX REL. PIERITZ, Respondent, vs. HARTWIG, Mayor, and others, Appellants.

*March 12—April 1, 1930.*

The cause was submitted for the appellants on the brief of *W. H. Markham* of Horicon, and for the respondent on that of *Grady & Dakin* of Watertown.

STEVENS, J.  The case turns on the question whether the members of the fire and police commission can be removed by the mayor without charges being made against them and action taken thereon by the common council.  If the mayor had no power to remove without such hearing, no vacancy existed and the mayor had no power to appoint the defendants members of the commission in the place of those whom he attempted to remove from office.

In 1897, when the legislature provided for the creation of the fire and police commission, the statutes gave the mayor power to remove any officer "appointed by the mayor without confirmation . . . when he deems it for the best interests of the city." Sec. 18, ch. 312, Laws of 1893, which became sec. 925—36 of the Wisconsin Statutes of 1898. This provision was carried into the present statutes by sub. (1) (c) of sec. 17.12 of the Statutes.

But the legislature by ch. 493, Laws of 1907, provided that "appointments by the mayor shall be subject to confirmation by the council unless otherwise provided by law." Sub. (3) (c) of sec. 62.09, Stats. Clearly this statute applied to all appointments to the fire and police commission made subsequent to its passage, unless it was "otherwise provided by law." There is no provision of law that dispenses with the necessity of confirmation by the common council, unless it be found in sub. (1) of sec. 62.13 of the Statutes, which provides that the mayor may make such appointments "in writing to be filed with the secretary of the board." This statute does not expressly dispense with the necessity of confirmation of the common council. It is silent as to the necessity of such confirmation. Had it been the intent of the legislature to exempt these appointments from the general provision that "all appointments by the mayor shall be subject to confirmation by the council," the legislature would doubtless have so provided when in 1907 it passed this act requiring confirmation in the case of all appointments thereafter made by the mayor.

When the purpose sought to be accomplished by the act providing for the creation of the fire and police commission is viewed in the light of well established rules of law, it is clear that it was the legislative intent to give to the members of the commission a fixed and definite term of office so that they could not be removed except upon hearing and cause shown. In the first place the legislature provided for a fixed term of office. " 'It is conceded, in all the cases, that where

a fixed term is assigned to the office, the appointing power has no absolute power of removal. . . . At common law in all cases except where an office is held absolutely at pleasure, an officer could be removed only for cause and after a hearing.' . . . One might call the roll of all the highest courts of the country which have dealt with the subject in support of the foregoing. It is no exaggeration to say . . . that there is practical unanimity in the adjudications in this country in respect to the matter." *Ekern v. McGovern,* 154 Wis. 157, 244, 142 N. W. 595.

In the absence of a clear expression of legislative intention to change this well established rule of the common law, it must be assumed that the legislature intended to confine the power of removal at pleasure to those cases where there was an absence of both confirmation by the common council and a fixed term of office. We find no such clear expression of a legislative intent in sub. (1) (c) of sec. 17.12 of the Statutes.

Not only did the legislature provide for a fixed term of office for the commissioners, but it is common knowledge that the legislative act providing for the creation of the fire and police commission was enacted for the purpose of taking the administration of fire and police departments out of city politics, in order that test of fitness for the position of fireman and policeman might be ability to serve the city, rather than ability to advance the political interests of the administration in power. For this purpose a continuing body was created, only one of whose members should retire each year, which was to be composed of representatives of different political parties.

If each incoming mayor may at pleasure remove any or all of the members of the commission without cause and without hearing, the tendency will be to re-establish the very conditions which it was the purpose of the legislature to remove when it passed the law providing for the creation of the fire and police commission.

The court holds that the statute requires that the appointment of the fire and police commissioners be confirmed by the common council. It follows that the mayor had no power to remove commissioners without cause being shown and a hearing before the common council. There were therefore no vacancies created by the mayor's attempt to remove the members of the commission appointed by his predecessors, and he had no power to make the defendants McLaughlin and Albrecht members of the commission.

*By the Court.*—Judgment affirmed.