262 Wis.2d 1 (2003)
2003 WI 53
662 N.W.2d 335
Joseph CONWAY, Jr., and the International Association of Firefighters, Local 311, AFL-CIO, Petitioners-Respondents-Petitioners,
v.
BOARD OF the POLICE AND FIRE COMMISSIONERS OF the CITY OF MADISON, Wisconsin, and Fire Chief Debra Amesqua, Respondents-Appellants.
No. 01-0784.
Supreme Court of Wisconsin.
Oral argument February 12, 2003.
Decided June 3, 2003.
*5 For the petitioners-respondents-petitioners there were briefs by Aaron N. Halstead and Shneidman, Hawks & Ehlke, S.C., Madison, and oral argument by Aaron N. Halstead.
For respondent-appellant, Board of Police and Fire Commissioners of the City of Madison, there was a brief by Scott Herrick and Herrick & Kasdorf, LLP, Madison, and oral argument by Scott N. Herrick.
For the respondent-appellant, Fire Chief Debra H. Amesqua, there was a brief by Carolyn S. Hogg, assistant city attorney, and James L. Martin, city attorney, and oral argument by Carolyn S. Hogg.
An amicus curiae brief was filed by Daniel M. Olson, Madison, on behalf of the League of Wisconsin Municipalities.
¶ 1. N. PATRICK CROOKS, J.
Lieutenant Joseph Conway, Jr., and the International Association of Firefighters, Local 311, AFL-CIO (hereinafter collectively referred to as Conway), seek review of a published court of appeals' decision that reversed a circuit court declaratory judgment. The Dane County Circuit *6 Court held that Rule 7.20 of the Board of the Police and Fire Commissioners of the City of Madison (board) was void, declaring that the rule was in excess of the board's statutory authority.
¶ 2. We affirm the decision of the court of appeals and hold that the board had express statutory authority to adopt Rule 7.20. That rule falls within the express statutory authority to promulgate "rules for the administration" of Wis. Stat. § 62.13(5) (1999-2000), in accord with Wis. Stat. § 62.13(5)(g). Rule 7.20 ensures that the ultimate decision-making authority remains with the board.[1]
¶ 3. Accordingly, we agree with the court of appeals that "[r]ule 7.20 provides a rational and efficient means of carrying out the board's duties under § 62.13(5) and does not delegate to the hearing examiner the specific duties vested in the board under that section." Conway v. Bd. of Police and Fire Comm'rs of the City of Madison, 2002 WI App 135, ¶ 22, 256 Wis. 2d 163, 647 N.W.2d 291.
¶ 4. Our holding is consistent with this court's prior decisions leaving the means of carrying out administrative duties in the hands of the agency involved wherever possible. It is also consistent with the legislature's intent that Wis. Stat. §§ 62.01 to 62.26 be liberally construed in favor of the rights, powers, and privileges of cities, as long as compatible with the constitution and general law.

I. BACKGROUND
¶ 5. On December 8, 1999, the board adopted Rule 7.20, which allows the board to "engage a Hearing *7 Examiner to conduct the Initial Hearing and the continuing evidentiary hearings" when disciplinary action is taken against a Madison police officer or firefighter under Wis. Stat. § 62.13(5).
¶ 6. Wisconsin Stat. § 62.13(1) and (2)(a) require cities with populations over 4000 to establish a board of police and fire commissioners. The legislature has granted Wisconsin's cities various powers concerning police and fire departments in accord with Wis. Stat. § 62.13. The mayor of each Wisconsin city with a population of 4000 or more must appoint a board of police and fire commissioners, according to Wis. Stat. § 62.13(1).
¶ 7. Wisconsin Stat. § 62.13(5) outlines the procedural steps for disciplinary action against a subordinate officer of a police or fire department. A subordinate officer may be suspended, reduced in rank, suspended and reduced in rank, or removed for just cause. Wis. Stat. § 62.13(5)(e) and (em). In addition to the specific duties outlined, the legislature granted to boards of police and fire commissioners the broad authority to make rules for the administration of Wis. Stat. § 62.13 under Wis. Stat. § 62.13(5)(g). Wisconsin Stat. § 62.13(5) states:
(5) Disciplinary actions against subordinates.
(a) A subordinate may be suspended as hereinafter provided as a penalty. The subordinate may also be suspended by the commission pending the disposition of charges filed against the subordinate.
(b) Charges may be filed against a subordinate by the chief, by a member of the board, by the board as a body, or by any aggrieved person. Such charges shall be in writing and shall be filed with the president of the board. Pending disposition of such charges, the board or chief may suspend such subordinate.

*8 (c) A subordinate may be suspended for just case, as described in par. (em), by the chief or the board as a penalty. The chief shall file a report of such suspension with the commission immediately upon issuing the suspension. No hearing on such suspension shall be held unless requested by the suspended subordinate. If the subordinate suspended by the chief requests a hearing before the board, the chief shall be required to file charges with the board upon which such suspension was based.
(d) Following the filing of charges in any case, a copy thereof shall be served upon the person charged. The board shall set [the] date for hearing not less than 10 days nor more than 30 days following service of charges. The hearing on the charges shall be public, and both the accused and the complainant may be represented by an attorney and may compel the attendance of witnesses by subpoenas which shall be issued by the president of the board on request and be served as are subpoenas under ch. 885.
(e) If the board determines that the charges are not sustained, the accused, if suspended, shall be immediately reinstated and all lost pay restored. If the board determines that the charges are sustained, the accused, by order of the board, may be suspended or reduced in rank, or suspended and reduced in rank, or removed, as the good of the service may require.
(em) No subordinate may be suspended, reduced in rank, suspended and reduced in rank, or removed by the board under par. (e), based on charges filed by the board, members of the board, an aggrieved person or the chief under par. (b), unless the board determines whether there is just cause, as described in this paragraph, to sustain the charges. In making its determination, the board shall apply the following standards, to the extent applicable: ...

*9 . . . .
(f) Findings and determinations hereunder and orders of suspension, reduction, suspension and reduction, or removal, shall be in writing and, if they follow a hearing, shall be filed within 3 days thereof with the secretary of the board.
(g) Further rules for the administration of this subsection may be made by the board.

(Emphasis added.)
¶ 8. The rule at issue in this case, Madison Police and Fire Commissioners Rule 7.20, provides that: "[t]he Board may engage a Hearing Examiner to conduct the Initial Hearing and the continuing evidentiary hearings." The rule also provides that at the initial hearing,[2] the hearing examiner is charged with the responsibility to rule on procedural motions, make rulings on discovery issues, set a date for the hearing and, where appropriate, dismiss the complaint filed against the subordinate employee. The hearing examiner is charged with the responsibility to hear the case and "prepare a comprehensive report including an evaluation of witness credibility and demeanor for review by the Board and including the recommendations of the Hearing Examiner regarding disposition of the charges."[3]
*10 [1]
¶ 9. This matter commenced when Lieutenant Joseph Conway Jr., a member of the Madison Fire Department and President of the International Association of Firefighters Local 311, and Local 311, filed a motion in the circuit court for judgment on the pleadings. They sought a declaration that the board had neither express nor implied statutory authority to promulgate Rule 7.20. In particular, Conway asserted that because Wis. Stat. § 62.13 does not authorize the use of hearing examiners in a city with a population of more than 4000 persons, Rule 7.20 was in excess of the board's statutory authority.
¶ 10. On January 18, 2001, the circuit court, Judge Moria Krueger presiding, found that the board lacked statutory authority under Wis. Stat. § 62.13(5) to promulgate Rule 7.20, and granted the plaintiffs' motion for judgment on the pleadings. In doing so, the circuit court declared Rule 7.20 void. The court held that § 62.13(5) did not authorize the board to delegate *11 to a hearing examiner the responsibility for conducting the initial hearing and the continued evidentiary hearing, in a case involving the suspension, reduction in rank, or removal of a subordinate police officer or firefighter.
¶ 11. The circuit court noted that the board did not cite to any agencies that utilize hearing examiners when there is no specific statutory authority to do so. Furthermore, the circuit court noted that in Wis. Stat. § 62.13(6m), the legislature provided for the use of a hearing examiner in the case of a city with a population of less than 4000. Consequently, the circuit court reasoned that had the legislature intended to permit the use of a hearing examiner for a city with a population of more than 4000, it could have done so specifically.
¶ 12. The circuit court issued a declaratory judgment declaring that Rule 7.20 was adopted in excess of the board's statutory powers, and that the board had no statutory authority under Wis. Stat. § 62.13(5) to delegate the responsibility for conducting hearings to hearing examiners or other persons not members of the board.
¶ 13. The board appealed, and the court of appeals reversed the circuit court's declaratory judgment. In doing so, the court of appeals found that the board had express statutory authority under Wis. Stat. § 62.13(5)(g) to adopt "a rule permitting a hearing examiner to carry out the tasks delineated in Rule 7.20, including conducting initial and evidentiary hearings and making a report to the board on the examiner's recommendations." Conway, 2002 WI App 135, ¶ 1. The court of appeals considered the legislature's statement of intent in Wis. Stat. § 62.04 was significant. The relevant portion of that statute states:

*12 For the purpose of giving to cities the largest measure of self-government compatible with the constitution and general law, it is hereby declared that ss. 62.01 to 62.26 shall be liberally construed in favor of the rights, powers and privileges of cities to promote the general welfare, peace, good order and prosperity of such cities and the inhabitants thereof.
Wis. Stat. § 62.04 (emphasis added).
¶ 14. Furthermore, the court of appeals did not find Conway's comparison between the tasks of a hearing examiner under Wis. Stat. § 62.13(6m) and Rule 7.20 appropriate, because of the differences in the scope of the hearing examiners' authority. The court of appeals determined that the board was not delegating its duties under Wis. Stat. § 62.13(5) to a hearing examiner by Rule 7.20, because the board, not the hearing examiner, makes the final decision concerning discipline.
¶ 15. The court of appeals concluded that Rule 7.20 came within the board's express authority under Wis. Stat. § 62.13(5)(g) to create further rules for the administration of Wis. Stat. § 62.13(5).
¶ 16. Conway petitioned this court for review of the decision of the court of appeals and asked for reinstatement of the judgment of the circuit court, which held that the board did not have statutory authority to promulgate Rule 7.20. Conway's petition for review was granted on August 23, 2002.

II. ISSUE
¶ 17. This is a case of first impression addressing a board's power to promulgate such administrative rules. The issue presented is whether the board acted within its statutory authority in promulgating a rule, which delegates to private citizens the responsibility for *13 hearing contested cases involving the discipline, including discharge, of firefighters and police officers.

III. STANDARD OF REVIEW
¶ 18. The issue presented involves interpretation of Wis. Stat. §§ 62.01 to 62.26 in order to determine whether Rule 7.20 is a valid exercise of the board's authority. We especially focus on Wis. Stats. §§ 62.04 and 62.13(5).
¶ 19. This court has held that the standard of review applicable in determining whether an administrative rule "exceeds statutory authority" is de novo, although we benefit from the analyses of the circuit court and the court of appeals. Seider v. O'Connell, 2000 WI 76, ¶ 25, 236 Wis. 2d 211, 612 N.W.2d 659. We have also held that "[t]o determine whether an agency has exceeded its statutory authority in promulgating a rule, this court first examines the enabling statute. The enabling statute indicates whether the legislature expressly or impliedly authorized the agency to create the rule." Id., ¶ 70 (citations omitted). An administrative rule exceeds statutory authority if it conflicts with the language of the statute or the statute's legislative intent. Id., ¶ 72.

IV. ARGUMENTS
¶ 20. Conway asks this court to reverse the court of appeals' decision. He argues that the circuit court decision correctly held that Wis. Stat. § 62.13 does not expressly, nor impliedly, authorize the board to adopt a rule providing for hearing examiners.
¶ 21. First, Conway argues that there is no express statutory authority within Wis. Stat. § 62.13(5) for employing a hearing examiner for disciplinary proceedings *14 in cities with populations of 4000 or more. Consequently, Conway contends that, to uphold the court of appeals, this court must construe Wis. Stat. § 62.13 to contain an implied power to delegate board responsibilities. In determining the existence of implied administrative powers, "any reasonable doubt as to the existence of an implied power in an agency must be resolved against the exercise of such authority." Pet'r Br. at 8 (citing Kimberly-Clark Corp. v. Public Serv. Comm'n, 110 Wis. 2d 455, 462, 329 N.W.2d 143 (1983)).
¶ 22. Second, Conway contends that the board's lack of authority to employ hearing examiners becomes apparent when Wis. Stat. § 62.13(5) is compared to other statutes wherein the legislature expressly provides authority for both the promulgation of rules and the use of hearing examiners.[4] Arguing in accord with the decision of the circuit court, Conway emphasizes that the board has not cited any agency rules adopting the use of hearing examiners, unless there is express statutory authority granted by the legislature for such use.
¶ 23. Next, Conway argues that the provision under Wis. Stat. § 62.13(5)(g) to adopt further rules for the administration of Wis. Stat. § 62.13(5) does not *15 include the express or implied power to delegate power to hearing examiners. Conway asserts that if every agency's power to "administer" the statute under its supervision carried the power to engage hearing examiners, then the legislature's separate enactments, specifically permitting particular agencies to hire examiners, would be "surplusage" and run counter to wellestablished rules of statutory construction. Pet'r Br. at 17 (citing Aurora Medical Group v. Dep't of Workforce Dev., Equal Rights Div., 2000 WI 70, ¶ 28 n.18, 236 Wis. 2d 1, 612 N.W.2d 646).
¶ 24. Furthermore, Conway maintains that Rule 7.20 impermissibly delegates to the hearing examiner the duty to make the "just cause" determination or the appropriate disposition.
¶ 25. Finally, Conway argues that the legislature's decision to permit delegation of board obligations to non-commissioners in cities of under 4000 persons excludes, by implication, the possibility that it intended to invest boards in larger cities with such power.
¶ 26. The board disagrees and argues that Rule 7.20 is a valid exercise of the board's authority to create rules for the administration of Wis. Stat. § 62.13(5), relating to disciplinary actions against police officers and firefighters. It maintains that Rule 7.20 is within the scope of the statutory delegation, consistent with Wisconsin case law, and consistent with the purpose of the statute as a whole. Accordingly, the board asks this court to affirm the decision of the court of appeals.

V. ANALYSIS OF WIS. STATS. §§ 62.04 AND 62.13(5)
¶ 27. In this case, both Conway and the board do not dispute that the board is to be treated as an administrative agency. See State ex rel. Smits v. City of DePere, 104 Wis. 2d 26, 37, 310 N.W.2d 607 (1981).
*16 [2]
¶ 28. An administrative agency has only those powers that are expressly conferred or necessarily implied from the statutory provisions under which it operates. Grafft v. DNR, 2000 WI App 187, ¶ 6, 238 Wis. 2d 750, 618 N.W.2d 897, review denied, 2001 WI 1, 239 Wis.2d 774, 621 N.W.2d 630 (2000).
[3, 4]
¶ 29. In order for the board's adoption of Rule 7.20 to be a valid exercise of administrative power, it is necessary that such action: (1) be based upon a proper delegation of power by the legislature, and (2) not constitute an administrative action in excess of that statutorily conferred authority. State Dep't of Admin. v. DILHR, 77 Wis. 2d 126, 133-34, 252 N.W.2d 353 (1997). Thus, in examining whether an agency has exceeded its statutory authority in promulgating a rule, we begin by examining the statute that authorizes the agency to promulgate rules. Seider v. O'Connell, 2000 WI 76, ¶ 70, 236 Wis. 2d 211, 612 N.W.2d 659.
[5-7]
¶ 30. We should first look to the plain language of the statute. State v. Delaney, 2003 WI 9, ¶ 14, 259 Wis. 2d 77, 658 N.W.2d 416; VanCleve v. City of Marinette, 2003 WI 2, ¶ 17, 258 Wis. 2d 80, 655 N.W.2d 113. If the language of the statute is clear and unambiguous, we apply the language to the facts at hand. State v. Polashek, 2002 WI 74, ¶ 18, 253 Wis. 2d 527, 646 N.W.2d 330. In addition, we consider the sections of the statute in relationship to the whole statute and to related sections. State v. Sweat, 208 Wis. 2d 409, 416, 561 N.W.2d 695 (1997). Generally, we construe words and phrases according to common and approved usage, and if necessary, may consult a dictionary. State v. Sample, 215 Wis. 2d 487, 499, 573 N.W.2d 187 (1998); see also *17 Wis. Stat. § 990.01(1). However, such reliance on a dictionary does not mean that the statute is ambiguous. Id.
[8-10]
¶ 31. In deciding whether an administrative agency's rule was promulgated by express authorization from the legislature, we "identify the elements of the enabling statute and match the rule against those elements." Wisconsin Hosp. Ass'n v. Natural Res. Bd., 156 Wis. 2d 688, 706, 457 N.W.2d 879 (Ct. App. 1990). If the rule matches the statutory elements, then the statute expressly authorizes the rule. Id. However, the enabling statute need not spell out every detail of a rule in order to expressly authorize it; if it did, no rule would be necessary. Id. at 705-06. Therefore, whether the exact words used in an administrative rule appear in the statute is neither dispositive nor controlling. Id. at 706.
¶ 32. Next, we examine Wis. Stat. § 62.13(5). As noted previously, the overall purpose of §§ 62.01-26 is found in the language of § 62.04, which states:
For the purpose of giving to cities the largest measure of self-government compatible with the constitution and general law, it is hereby declared that ss. 62.01 to 62.26 shall be liberally construed in favor of the rights, powers and privileges of cities to promote the general welfare, peace, good order and prosperity of such cities and the inhabitants thereof.
Wis. Stat. § 62.04 (emphasis added).
¶ 33. Keeping in mind the legislature's directive that the statute should be liberally construed in favor of the rights, powers and privileges of cities, we turn specifically to Wis. Stat. § 62.13(5)(g), which authorizes the board to make rules for the administration of Wis. Stat. § 62.13(5).
*18 ¶ 34. As listed previously in paragraph 7 of this opinion, and noted by the court of appeals:
The duties specifically vested in the board under Wis. Stat. § 62.13(5) regarding hearings are the following: (1) providing for a public hearing, in which both the accused and the complainant may be represented by an attorney and may compel the attendance of witnesses, § 62.13(5)(d); (2) determining whether there is just cause to sustain the charges applying the standards of § 62.13(5)(em)1-7; (3) determining the appropriate disposition, § 62.13(5)(e); and (4) reducing to writing the findings and determinations and orders of suspension, reduction, suspension and reduction, or removal, § 62.13(5)(f).
Conway v. Bd. of Police and Fire Comm'rs of the City of Madison, 2002 WI App 135, ¶ 12, 256 Wis. 2d 163, 647 N.W.2d 291.
¶ 35. After listing the specific duties of the board, the legislature added: "[f]urther rules for the administration of this subsection may be made by the board." Wis. Stat. § 62.13(5)(g). We must look to see whether Rule 7.20 matches these statutory elements.
¶ 36. Along with the provisions in Wis. Stat. § 62.04, the court of appeals found the broad language of Wis. Stat. § 62.13(5)(g) significant in addressing the board's authority to promulgate Rule 7.20. In its analysis, the court of appeals looked at the word "administration" in Wis. Stat. § 62.13(5)(g) to determine the board's scope of power. Because the word "administration" is not specifically defined in this statutory provision, the court of appeals applied the dictionary definition of the word. See State v. Sample, 215 Wis. 2d 487, 499, 573 N.W.2d 187 (1998). The dictionary defines administration as follows: "[a]dministration is: `5 a: the principles, practices, and rationalized techniques employed *19 in achieving the objectives or aims of an organization.'" Webster's Third New International Dictionary 28 (unabr. 1993).
A. Express Authority
[11]
¶ 37. As noted previously, Conway has argued that Wis. Stat. § 62.13 does not contain statutory language allowing delegation of the board's statutory duties as done in Rule 7.20. For the reasons set forth below, we disagree, and hold that there is express statutory authority supporting the board's power to promulgate Rule 7.20. That rule plainly comes within the board's express authority to promulgate rules for the administration of Wis. Stat. § 62.13(5), and is consistent with the overall purpose of the statutes. The board's authority to enact a rule allowing hearing examiners to conduct evidentiary hearings is grounded in the express authorization in Wis. Stat. § 62.13(5)(g).
¶ 38. Rule 7.20 provides practices and rational techniques employed to aid the board in fulfilling the objective of providing public hearings as required by § 62.13(5). The limited duties of the hearing examiner under Rule 7.20 all relate to administration of the disciplinary proceedings. Specifically, Rule 7.20 assists the board in carrying out its duties under Wis. Stat. § 62.13(5)(d), (e), (em), and (f).
¶ 39. Wisconsin Stat. § 62.13, regulating boards of police and fire commissioners throughout Wisconsin, is a broad generic statute that is meant to be flexible, in order to meet the needs of different cities.
[12]
¶ 40. Wisconsin Stat. § 62.13(5) provides a quasijudicial proceeding with all the elements of "fair play" *20 fundamental to due process in an administrative law setting. Wisconsin Stat. § 62.13(5) broadly outlines the features of the disciplinary process before the board, from complaint filing through findings, determinations, and orders. In addition, the statute as a whole demonstrates a legislative intent to provide due process protections to police officers and firefighters subject to disciplinary proceedings. Efficiency and fairness are the purposes for the disciplinary hearing process. State ex rel. Kaczkowski v. Bd. of Fire & Police Comm'rs, 33 Wis. 2d 488, 148 N.W.2d 44, rehearing denied, 33 Wis. 2d 488, 149 N.W.2d 547 (1967).
[13]
¶ 41. One of the primary purposes for the legislative act providing for the creation of the board was to remove the administration of fire and police departments from city politics and to place it in the hands of impartial and nonpolitical citizen boards. State ex. rel. Pieritz v. Hartwig, 201 Wis. 450, 230 N.W. 42 (1930). None of the elements of due process in quasi-judicial administrative hearings are compromised by the appointment of a hearing examiner for the purposes indicated in Rule 7.20, because the board, not the hearing examiner, makes the final decision and disposition. The board may require further proceedings before the hearing examiner or before the board itself. Due process does not require that evidence be taken before the officer who ultimately decides the matter. Tecumseh Prods. Co. v. Wisconsin Employment Relations Bd., 23 Wis. 2d 118, 126, 126 N.W.2d 520 (1964).
¶ 42. Such a reading of Wis. Stat. § 62.13(5) is consistent with the legislature's statement of intent under Wis. Stat. § 62.04, that the authority of the board under statutes such as Wis. Stat. § 62.13(5) is to be liberally construed.
*21 ¶ 43. As discussed previously, Conway has contended that the board's lack of authority to employ hearing examiners is apparent when Wis. Stat. § 62.13(5) is compared to other statutes.[5] He has argued that the comparison reveals that when the legislature intends to approve of the use of hearing examiners by agencies, it expressly provides authority for both the promulgation of rules and the use of hearing examiners in the relevant legislation.
¶ 44. Conway misstated the holding of the court of appeals when he maintained that:
The court of appeals concluded that implicit in the Board's power to make rules for the purpose of "administering" sec. 62.13 is the power to hire hearing examiners, since such a rule "aid[s] the board in fulfilling the objective of providing public hearings as required by § 62.13(5)" and "assists the board in carrying out its duties under § 62.13(5)(d), (e), (em), and (f)."
Pet'r Br. at 13 (citing 2002 WI App 135, ¶ 13) (emphasis added).
¶ 45. Contrary to Conway's contention, the court of appeals' decision clearly stated that the board had express statutory authority to create Rule 7.20. Conway, 2002 WI App 135, ¶ 15.
¶ 46. We agree with the decision of the court of appeals that the "rule falls squarely within the board's administration of its duties under Wis. Stat. § 62.13(5) and the legislature's express authorization that the board may make rules for that purpose." Conway, 2002 WI App 135, ¶ 15. Since we hold that the board has the express authority to enact Rule 7.20, we need not engage in an analysis of implied authority.
*22 B. Delegation of Authority
[14]
¶ 47. Next, Conway has argued that special qualifications for board appointment prohibit delegation of any of the board's functions to a hearing examiner. The board is composed of an impartial body that operates independently of the city itself. Eau Claire County v. General Teamsters Union Local No. 662, 228 Wis. 2d 640, 650, 599 N.W.2d 423 (Ct. App. 1999), aff'd, 2000 WI 57, 235 Wis. 2d 385, 611 N.W.2d 744. The board is comprised of citizen members who have no direct interest in the outcome of the case, as would a party to the dispute, and appointment of members is designed to prevent the board from operating as an agent of a city official or police or fire chief. Id.
¶ 48. Under Rule 7.20, the board, not the hearing examiner, makes the ultimate decision. Rule 7.20 assists the board in carrying out its duties under Wis. Stat. § 62.13(5)(d), (e), (em), and (f). As such, the hearing examiner is required to provide to the board a comprehensive report, including an evaluation of witness credibility and demeanor, and recommendations for disposition of the matter. In addition, the hearing must be videotaped and a certified transcript prepared. The board may require further proceedings before either the hearing examiner or the board itself.
¶ 49. Conway's argument that the rule permits a hearing examiner to consider procedural motions, the parameters of discovery, and to dismiss the complaint at the initial hearing does not change our holding. The hearing examiner is only able to dismiss the complaint if the complainant fails to appear at the initial hearing. Rule 7.20.
*23 ¶ 50. As noted previously, in administrative proceedings, due process does not require that evidence be taken before the officer who ultimately decides the matter. Tecumseh Prods. Co. v. Wisconsin Employment Relations Bd., 23 Wis. 2d 118, 126, 126 N.W.2d 520 (1964). In a similar vein, we have held that the ability of administrative agencies should not be unnecessarily restricted by the courts. State ex rel. Cities Serv. Oil Co. v. Bd. of Appeals, 21 Wis. 2d 516, 541, 124 N.W.2d 809 (1963). See also Wright v. Indus. Comm., 10 Wis. 2d 653, 103 N.W.2d 531 (1960). Accordingly, our holding in this case is consistent with our precedent emphasizing the importance of providing an administrative agency with the discretion to perform its duties as it sees fit, provided that it is not promulgating rules in excess of statutorily conferred authority. Under Rule 7.20, the board remains the ultimate decision-making authority, and, therefore, has not impermissibly abdicated its duties to a hearing examiner.
C. Comparison of Wis. Stat. § 62.13(5) to Other Statutes
[15]
¶ 51. Finally, Conway has argued that the legislature did not intend to allow cities over 4000 to use hearing examiners. In support of this argument, Conway relied on the case of State v. Deborah J.Z., 228 Wis. 2d 468, 546 N.W.2d 490 (Ct. App. 1999), which held "[i]f a statute contains a given provision, `the omission of such provision from a similar statute concerning a related subject is significant in showing that a different intention existed.'" Pet'r Br. at 20 (citing Deborah J.Z., 228 Wis. 2d 468 at 475-76 (citations omitted)).
¶ 52. Conway has argued that Wis. Stat. § 62.13(6m) contains a clause allowing persons other than the members of a board to "act . . . in place of the *24 board of police and fire commissioners." Pet'r Br. at 20. He has maintained that this clause follows the statutory provisions governing the board in Wis. Stat. § 62.13(1)-(6). Conway has asserted that "[n]owhere in subd. (1)-(6) is there found any language respecting a board's employment of hearing examiners or committees of persons who are not Board members." Pet'r Br. at 20.
¶ 53. We agree with the court of appeals that the statute establishing alternative ways to conduct hearings in cities with a population of less than 4000 (municipalities not required to establish a board of police and fire commissioners) is not persuasive as to whether the board had authority here to enact Rule 7.20.
¶ 54. Conway's argument relying on Deborah J.Z. overlooks the difference between the authority of the hearing examiners under Wis. Stat. § 62.13(6m) and under Rule 7.20. Wisconsin Stat. § 62.13(6m) establishes two alternative ways to conduct hearings in cities that are not required to establish a board of police and fire commissionersa three-member committee or a hearing examiner. Either acts entirely in place of the board under Wis. Stat. § 62.13(5) in all respects. Thus, for example, a hearing examiner under Wis. Stat. § 62.13(6m) has the duty that a board has under Wis. Stat. § 62.13(5) to make the appropriate disposition. It may be reasonable to infer from subsection (6m) that the legislature did not intend that in cities with a board, a hearing examiner could assume all the board's responsibilities under subsection (5). However, this subsection does not indicate that the legislature intended to prohibit the board from delegating to a hearing examiner the tasks the board has identified in Rule 7.20.
*25 ¶ 55. The other statutes listed by Conway are not helpful or persuasive in construing Wis. Stat. § 62.13(5). Wisconsin Stat. § 111.07(5) and Wis. Stat. § 111.70(4)(a) allow the hearing examiner to hear and decide the complaint. As stated above, Rule 7.20 does not purport to delegate to the hearing examiner the authority to make the determination and disposition required under Wis. Stat. § 62.13(5). As noted previously, Wis. Stat. § 62.13, regulating police and fire commissions throughout Wisconsin, is a broad statute that is meant to provide flexibility to meet the needs of different cities and is to be liberally construed. Statutes regulating agencies, like the Department of Workforce Development, are more specific, and are meant to apply the same procedures universally throughout Wisconsin.
¶ 56. Thus, Conway's analogy between cities with populations of less than 4000, which are regulated by Wis. Stat. § 62.13(6m), and cities with populations of 4000 or more, which are regulated by Wis. Stat. § 62.13(1) through (5), is not appropriate. Simply because the legislature has given smaller cities without boards of police and fire commissioners a choice of engaging a hearing examiner for disciplinary proceedings does not mean that the legislature intended that boards in larger cities may not choose to appoint hearing examiners.
¶ 57. Wisconsin Stat. § 62.13(6m) actually shows that the legislature believed that using hearing examiners for disciplinary proceedings was a satisfactory way of complying with Wis. Stat. § 62.13(5), and that such use satisfied the legislature's due process concerns.
¶ 58. Rule 7.20 is based upon a proper delegation of power by the legislature, and does not constitute administrative action in excess of that statutorily conferred authority.

*26 VI. CONCLUSION
¶ 59. In summary, we affirm the decision of the court of appeals. We hold that the City of Madison's Board of Police and Fire Commissioners had the express statutory authority to adopt Rule 7.20, because Rule 7.20 falls within the authority under Wis. Stat. § 62.13(5)(g) to promulgate "rules for the administration" of Wis. Stat. § 62.13(5). Rule 7.20 ensures that the ultimate decision-making authority remains with the board. We are satisfied that Rule 7.20 matches the statutory elements of Wis. Stat. § 62.13(5), and therefore, that the statute expressly authorizes that rule. Our decision is consistent with this court's prior decisions leaving the means of carrying out administrative duties in the hands of the agency involved whenever possible, and with the legislature's intent that Wis. Stat. §§ 62.01 to 62.26, be liberally construed in favor of the rights, powers, and privileges of cities, as long as compatible with the constitution and general law. Our interpretation here is compatible.
By the Court.The decision of the court of appeals is affirmed.
¶ 60. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE (dissenting).
I agree with the circuit court that Wis. Stat. § 62.13(5) does not authorize the Board of Police and Fire Commissioners of the City of Madison to promulgate Rule 7.20, delegating to a hearing examiner the responsibility for conducting the initial hearing and the continued evidentiary hearings in a case involving the suspension, reduction in rank, or removal of a subordinate police officer or firefighter.
¶ 61. First, the power to promulgate rules to administer Wis. Stat. § 62.13(5) does not, as the majority asserts, expressly include the power to adopt Rule *27 7.20.[1] The statute simply grants the board the power to make "further rules for the administration of this subsection"[2] and nowhere does it expressly state that these rules may include the delegation of the board's responsibilities to a hearing examiner.
¶ 62. In other statutes, when the legislature intends to permit an administrative agency to delegate its obligation to hear contested cases to a hearing examiner, the legislature not only grants the agency the power to make rules to administer the relevant statute but also expressly grants the agency the power to employ hearing examiners in the relevant legislation.[3] Furthermore, the legislature's decision to permit the delegation of board obligations to non-commissioners in cities of under 4000 persons by express language excludes, by implication, the possibility that it intended to invest boards in larger cities with such power.[4]
¶ 63. Second, it is well-settled that if a rule promulgated by an administrative agency contradicts the language of the statute or the statute's legislative intent, the rule is not reasonable, exceeds the agency's *28 statutory authority, and must be invalidated.[5] The majority opinion announces this rule[6] but then fails to apply it in the present case.
¶ 64. Wisconsin Stat. § 62.13(5)(c) gives police officers and firefighters suspended by the chief the right to request "a hearing before the board"not a hearing before the hearing examiner.[7] Section 62.13(5)(d) then provides that the board must set a date for that requested "hearing" and that the requested "hearing" shall be public.[8] Section 62.13(5)(d) further provides that at the public hearing "both the accused and the complainant may be represented by an attorney and may compel the attendance of witnesses by subpoenas which shall be issued by the president of the board."[9]
¶ 65. The majority reads paragraphs (c) and (d) to vest in the board the mere duty to "provid[e] for a public hearing, in which both the accused and the complainant may be represented by an attorney and may compel the attendance of witnesses."[10] In so doing, the majority ignores the fact that the right granted to subordinates is not just the right to request a public hearing, but the right to request a public hearing "before the board," and that the attendance of witnesses at the hearing is not ominously compelled, but rather compelled by subpoenas issued by the "president of the board." In short, the *29 majority opinion ignores that Rule 7.20 contradicts the language of the statute establishing the presence of the board at the subordinate's hearing and a role for the board in the hearing's procedures.
¶ 66. The majority opinion focuses exclusively on the decision-making authority vested in the board under Wis. Stat. § 62.13(5), paragraphs (e), (em), and (f), when it concludes that Rule 7.20 does not delegate to the hearing examiner any duties vested in the board under Wis. Stat. § 62.13(5). Section 62.13(5), paragraphs (c) and (d), however, make clear that the board's duties are not simply to make ultimate decisions but to participate in the hearing as well.
¶ 67. I also write separately to highlight that today's erroneous decision is the third decision released by this court this term eroding the rights of police officers and firefighters to obtain a just cause hearing before the Board of Police and Fire Commissioners under Wis. Stat. § 62.13(5).[11]
¶ 68. In Kraus v. City of Waukesha Police & Fire Commission, 2003 WI 51, 261 Wis. 2d 485, 662 N.W.2d 294, this court effectively held that Wis. Stat. § 62.13(5)(em) does not protect municipal employees who are promoted subject to successful completion of a period of probation when they are denied that promotion during the period of probation. In City of Madison v. Wisconsin Employment Relations Commission, 2003 WI 52, 261 Wis. 2d 423, 662 N.W.2d 318, this court effectively held that the same statute bars those same municipal employees from collectively bargaining with *30 a municipality under Wis. Stat. § 111.70 to require that a chief's or PFC's decision to deny a promotion be reasonable.
¶ 69. Now, in the present case, where a municipal employee is entitled to a just cause hearing, this court approves the Madison PFC's decision to delegate almost all of its responsibilities to a hearing examiner. Rule 7.20 delegates to a hearing examiner the responsibility for (1) conducting an initial hearing, (2) conducting all continuing evidentiary hearings, (3) ruling on procedural motions, (4) making rulings on discovery issues, (5) setting dates for a hearing, (6) where appropriate, dismissing a complaint filed against a subordinate employee, (7) evaluating witness credibility, and (8) making a preliminary recommendation on disposition of the charges.[12] I think it is fair to say that the likely effect of Rule 7.20 is to transform the board from a decisionmaking body into a reviewing body and eliminate the right of Madison police officers and firefighters to request "a hearing before the board."[13]
¶ 70. As I stated in Kraus, Wis. Stat. § 13.93(2)(d) requires the revisor of statutes to report to the law review committee of the legislature those decisions of this and other courts "in which Wisconsin statutes or session laws are stated to be in conflict, ambiguous, anachronistic, unconstitutional or otherwise in need of revision."[14] I suggest that the just cause provisions of Wis. Stat. § 62.13 are in need of legislative oversight.
¶ 71. For the foregoing reasons, I dissent.
*31 ¶ 72. I am authorized to state that Justices WILLIAM A. BABLITCH and ANN WALSH BRADLEY join this dissent.
NOTES
[1] All references to the Wisconsin Statutes are to the 1999-2000 version unless otherwise noted.
[2] Rule 7.08 provides guidelines for the initial hearing.
[3] Rule 7.20 specifically states:

a. The Board may engage a Hearing Examiner to conduct the Initial Hearing and the continuing evidentiary hearings.
b. The Hearing Examiner shall conduct and preside at proceedings in conformity with these rules and in consultation with Board counsel. References to the Board in this rule shall be construed to refer to a Hearing Examiner as context requires. c. All evidentiary proceedings conducted by a Hearing Examiners [sic] shall be videotaped and a certified transcript shall be prepared.
d. Promptly following completion of the evidentiary proceedings and receipt of briefs, the Hearing Examiner shall forward the complete record to the Board and shall prepare a comprehensive report including an evaluation of witness credibility and demeanor for review by the Board arid including the recommendations of the Hearing Examiner regarding disposition of the charges. The report of the Hearing Examiner shall be included in the record of the Board proceedings.
e. Promptly following receipt of the Hearing Examiner's report the Board shall convene for deliberations. The Board may require further proceeding before the Hearing Examiner or before the Board. Following the close of any such further proceedings and deliberations the Board shall issue its decision in the matter.
[4] Conway lists the following examples where the legislature expressly allowed administrative agencies to delegate the task of hearing contested cases to other persons: Wis. Stat. § 111.07(5) (relating to unfair labor practices and Wisconsin Employment Relations Commission (WERC)); Wis. Stat. § 111.70(4)(a). Wisconsin Stat. § 111.84(4) (State Employment Labor Relations Act); Wis. Stat. § 111.39(4)(a) (Wisconsin Fair Employment Act); Wis. Stat. § 102.15(3) (Wisconsin Worker's Compensation Act); Wis. Stat. § 102.17(1)(b); Wis. Stat. § 108.14(2m) (Unemployment Insurance Act) and Wis. Stat. § 227.46(1). Pet'r Br. at 10-13 and 15-17.
[5] See supra note 3.
[1] See majority op., ¶¶ 2, 37, 45, 46, 59.
[2] Wis. Stat. § 62.13(5)(g).
[3] See, e.g., Wis. Stat. §§ 111.07(5) (granting the Wisconsin Employment Relations Commission power to make rules to regulate hearings); 111.71(1) (expressly granting WERC the power to employ hearing examiners); 111.375 (granting the Department of Workforce Development the power to make rules necessary to carry out the Fair Employment Act); 111.39(4) (granting the DWD power to employ hearing examiners to assist in effective administration). For more examples, see majority op., ¶ 22 n.4.
[4] See Wis. Stat. § 62.13(6m) (relating to hearings for officers suspended, reduced in rank, or removed in cities of less than 4,000 people).
[5] Seider v. O'Connell, 2000 WI 76, ¶ 73, 236 Wis. 2d 211, 612 N.W.2d 659.
[6] Majority op., ¶ 19 (citing Seider, 236 Wis.2d 211, ¶ 72).
[7] Wis. Stat. § 62.13(5)(c) (emphasis added).
[8] Wis. Stat. § 62.13(5)(d).
[9] Wis. Stat. § 62.13(5)(d) (emphasis added).
[10] Majority op., ¶ 34 (citing Conway v. Bd. of Police and Fire Comm'rs, 2002 WI App 135, ¶ 12, 256 Wis. 2d 163, 647 N.W.2d 291).
[11] See also City of Madison v. WERC, 2003 WI 52, 261 Wis. 2d 423, 662 N.W.2d 318; Kraus v. City of Waukesha Police & Fire Comm'n, 2003 WI 51, 261 Wis. 2d 485, 662 N.W.2d 294.
[12] Majority op., ¶ 8.
[13] Wis. Stat. § 62.13(5)(c).
[14] Wis. Stat. § 13.93(2)(d).